## HUGH COLLINGILL vs. CITY OF HAVERHILL.

Essex.   Nov. 5, 1879. — Jan. 22, 1880.   AMES & SOULE, JJ., absent.

The facts that a dog, owned by and licensed in the name of the superintendent of a poor-farm of a city, is kept at the farm, with the knowledge of one of the overseers of the poor of the city, and, without objection by him, is fed with food furnished by the city for common use at the farm, and, during a portion of the time, is allowed the run of the farm, do not, as matter of law, show that the city is a keeper of the dog, within the Gen. Sts. c. 88, § 59.

TORT, under the Gen. Sts. c. 88, § 59, to recover double the amount of the damage sustained from the bite of a dog. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows:

The plaintiff, in pursuit of legitimate business, went to the poor-farm owned and used by the defendant, and was there bitten by a dog, which was owned by and licensed in the name of John W. Virgin, the superintendent of that farm. The dog was kept at the farm and in the apartments of the superintendent, with the knowledge of one of the overseers of the poor of the city, and, without objection by him, was fed with food furnished by the defendant for common use at the farm, and during a portion of the time was allowed the run of the farm. The superintendent was employed by the defendant, through the overseers of the poor, to superintend the management and working of the farm, subject to their order and approval, receiving therefor a stated salary, with house-rent and provisions for his family, and had a suite of rooms assigned to his family at the farm in a portion of the main house separate and apart from the paupers. The plaintiff was bitten in the entry of the superintendent's apartments, while walking towards that portion of the house.

If, upon the above facts, the plaintiff was entitled to recover, damages were to be assessed by a jury; otherwise, the plaintiff was to become nonsuit.

*B. F. Brickett*, for the plaintiff.

*H. N. Merrill*, for the defendant.

LORD, J. It has been so often held in this Commonwealth that the officers of a town in the exercise of their official duty

are not the agents of the town, that we must seek for the liability of this defendant on some other ground than by the conduct of its officers in the discharge of their official duty. The plaintiff, aware of this, seeks to charge the city upon the ground that the dog by which he was bitten was kept upon its premises, by its servant, in the course of his employment, and so to bring the case within the decision of *Barrett* v. *Malden & Melrose Railroad*, 3 Allen, 101.

The question in that case was whether there was evidence to submit to the jury upon the question whether the defendant, by its servants, was the keeper of the dog. In this case, the facts are all found, and such facts are not found as necessarily to create a liability on the part of the city. If the question of its liability depends upon an inference to be drawn from the facts, the court below has drawn that inference against the plaintiff; and we think rightly. There is nothing in the facts tending to show that the superintendent of the city farm was not both the owner and keéper of the dog; and although the facts find that "during a portion of the time" the dog "was allowed the run of the farm," there is no fact which shows or has any tendency to show that that "run of the farm" was for the benefit or in the interest of the defendant. *Judgment affirmed.*