JOHN E. McLAUGHLIN *vs.* ARTHUR KEMP & another.

THOMAS McLAUGHLIN *vs.* SAME.

Norfolk.    January 24, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Keeper of Dogs — Husband and Wife — Wife's Premises.*

A wife is not necessarily the keeper of a dog which her husband owns and keeps on premises owned by her and occupied by both, although she carries on a separate business upon the premises.

In an action against husband and wife for an injury inflicted by a dog, owned and kept by him on her premises, which they both occupy and upon which she carries on a separate business, it is a question of fact for the jury whether she kept the dog; and a ruling that, if it was the husband's dog, and he kept it there against the wife's consent, and she did nothing to maintain, keep, or protect it, she is not its keeper, affords no ground of exception.

TWO ACTIONS OF TORT, against Arthur Kemp and his wife, Adelaide M. Kemp, to recover damages for injuries resulting from the bite of a dog. The first case was brought by the

plaintiff, a minor, for personal injuries, and the second was brought by his father, for the loss of his services, and for the expense of caring for him while he was suffering from his injuries. The cases were tried together in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows.

The husband was defaulted, and the wife alone defended. At the trial, it was admitted that certain dogs were kept on her premises for some months before the injuries in question were inflicted, and that various persons had been bitten by the dogs. The only question was whether or not she was the keeper of the dogs within the meaning of the statute. The evidence tended to show that the injury was inflicted on November 5, 1887, by a dog owned by the husband; that this dog was kept with other dogs on premises owned by the wife, and against her wishes; that the husband assisted her in the care of the premises; that the wife was engaged in the business of keeping boarders, and bought the groceries and provided for the table of the family; that the husband, who was supported by the income of a trust fund, had charge of the feeding and care of the dogs, and furnished their food; that she had protested against the keeping of the dogs on her premises, but took no active steps for their removal, and allowed them to remain thereon; and that after the injury was inflicted the husband left the State, and thereupon she caused two of the dogs to be killed, and gave the others away.

The judge instructed the jury, among other things, as follows: " The real question for you to consider, in weighing the evidence, is whether or not the dogs were kept there by her authority, and under her custody and control. If they were, she ought to be held responsible as their keeper. If not, she ought not to be held responsible as their keeper. That is the question for you to consider. It is for you to say, upon the evidence, whether you believe that the plaintiff has shown, by a fair preponderance of all the evidence in the case, that this woman had some control and custody over those dogs. If she did, of course she is responsible for them as keeper. If they were her husband's dogs, and he kept them there against her consent and contrary to her consent, and she did nothing to maintain or

keep them, did not give them food, or protect them, or provide for them in any way, she would not be in the sense of the law a keeper of the dogs."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. F. Perkins & A. M. Lyman,* for the plaintiffs.

*G. S. Forbush & F. M. Forbush,* for the defendant.

FIELD, J. It was admitted that the husband was the owner of the dog which bit John E. McLaughlin. We infer from the exceptions that he was also owner of all the dogs. A wife is not necessarily, as matter of law, a keeper of dogs which her husband owns and keeps on premises which she owns, and which both occupy as husband and wife, although she carries on a separate business upon the premises.

It was a question of fact for the jury whether the wife was the keeper of the dogs, and the ruling that, "if they were her husband's dogs, and he kept them there against her consent and contrary to her consent, and she did nothing to maintain or keep them, did not give them food, or protect them, or provide for them in any way, she would not be in the sense of the law a keeper of the dogs," was correct. The instructions given were sufficiently favorable to the plaintiffs.

*Exceptions overruled.*