EMMA L. WHITTEMORE *vs.* SAMUEL M. THOMAS.

Middlesex.    January 14, 1891. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Dog — Keeper — Law and Fact.*

In an action against the owner of a farm to recover for an injury from the bite of a dog belonging to one of the farm laborers who lived thereon, if certain material facts with the inferences to be drawn from the facts in proof are in contro- ·versy, and there is evidence that the defendant simply acquiesced in the keeping of the dog on the farm, and had nothing whatever to do with it, the defendant cannot be said, as matter of law, to be the keeper of the dog.

TORT, to recover damages for injuries resulting from the bite of a dog. Trial in the Superior Court, before *Thompson*, J., who reported the case for the determination of this court.

The following facts appeared in evidence, or were admitted. The dog in question was the property of one Rogers, who had been in the employ of the defendant for a number of years and lived with him úpon his farm. In 1882 Rogers bought the dog and brought it to the farm, and, without any permission from the defendant other than simple acquiescence, continued to keep the dog upon the farm until 1889, when it bit the plaintiff. The evidence was largely to the point that the dog frequented all parts of the house and the farm, and often had been seen with the defendant and with Rogers, and with all the men that had ever worked there, and would follow them all. Rogers had the dog licensed annually, and paid the license fee. Two witnesses, one of them a physician who had visited the defendant fre- quently and the other an assessor of taxes who visited the farm every year, both testified that they had never heard the defendant give any directions about or concerning the dog. Rogers testified

that of his own accord he bought the dog and paid sixteen dollars for it, and about a week after the purchase brought it to the farm; that at that time the defendant himself owned and kept a dog on the farm and continued to keep it for two or three years afterwards; that the defendant never made any objection from that time to his keeping the dog on the place; that he, Rogers, built a dog-house on the farm and the dog occupied it; that he obtained a license every year, and paid the fee therefor, and the dog wore a collar with Rogers's name upon it; that he bought and prepared the dog's food for him; that the dog would follow any member of the family around the farm; that the defendant never in any way assumed to manage or control the dog; that after the accident he, Rogers, told the plaintiff's husband that he supposed he was responsible, and would try to satisfy him; and that immediately after the accident he killed the dog. The plaintiff's husband testified, among other things, that the defendant came to his house after the action was brought and said that the dog did not belong to him, and that he did not think Rogers ought to pay it all; and that he, the defendant, thought he would let Rogers settle with the witness; and that on one occasion, when some hogs were butchered on the defendant's farm, he heard the defendant say that the dog kept a very close watch over the hogs. The defendant testified that he knew when the dog was brought to the farm, but had no prior talk with Rogers about keeping it; that he never exercised any control over the dog, and had nothing to do with it in any way; that he never gave any directions as to how the dog should be kept, or where, or as to what Rogers should do with it; that he did not give Rogers any directions as to seeing the plaintiff's husband after the accident; that he saw the plaintiff's husband after the action was brought, and told him that he was not liable, and did not tell him that he wished him to settle with Rogers and that he himself would pay Rogers; and that he did not remember telling the plaintiff's husband that the dog was a good watch dog.

The above was, in substance, all the evidence material to the questions raised by the report. The judge ruled that upon this evidence the defendant was the keeper of the dog, and directed the jury to return a verdict for the plaintiff.

If the above ruling was right, judgment was to be entered upon the verdict; otherwise, by agreement of the parties, judgment was to be entered for the defendant.

*Samuel Hoar*, ( *W. Sullivan* with him,) for the defendant.

*B. B. Johnson*, for the plaintiff.

MORTON, J.   This was an action brought against the defendant, as keeper of a dog, to recover for injuries sustained by the plaintiff from its bite.   The court below ruled, as matter of law, upon the whole evidence, against the defendant's objection and exception, that the defendant was the keeper of the dog, and the only question submitted to the jury was that of damages.   The case comes here on a report of all the material evidence bearing on the question of keepership, and the report concludes with the reservation that, if the ruling was right, judgment is to be entered on the verdict for the plaintiff; if it was not right, then, by agreement of parties, judgment is to be entered for the defendant. We fear that this agreement does not sufficiently protect the plaintiff's rights, but we must deal with the case as it is presented to us.

The evidence undoubtedly shows that, though the defendant was not the owner of the dog, it was kept on his premises with his knowledge and acquiescence.   But while it is true that a person not the owner of a dog may be liable as its keeper, the mere fact that a dog is kept by its owner on the premises of another with the knowledge, or acquiescence, or permission of the owner of such premises, does not of itself make the owner of said premises the keeper of the dog.   *Collingill* v. *Haverhill*, 128 Mass. 218.

If the contrary were true, then a landlord might be liable as the keeper of a dog which belonged to and was at all times in the possession and control of a tenant or boarder, or even of a guest of a tenant or boarder.   The law does not require the owner or occupant of premises to eject every dog that may be or may come upon them, at the risk, unless he does so,. of being adjudged its keeper.   No doubt a dog may be upon the premises of another under such circumstances that a jury would be warranted in finding that the owner of such premises was the keeper of it.   The case of *Barrett* v. *Malden & Melrose Railroad*, 3 Allen, 101, furnishes an illustration of this.   And when the

facts are not in dispute, or are substantially agreed, the court may rule upon the question as matter of law, provided there are no inferences to be drawn from the facts in proof. *Gavett* v. *Manchester & Lawrence Railroad*, 16 Gray, 501. *Todd* v. *Old Colony & Fall River Railroad*, 7 Allen, 207. In the present case, while certain material facts were undisputed, other material facts, with the inferences to be drawn from the facts in proof, were in controversy. Thus, except the remark by the defendant, testified to by the plaintiff's husband and denied by the defendant, that the dog kept close watch on the hogs, there was no direct testimony that the dog was on the premises " for the benefit or in the interest of the defendant," which was evidently regarded in *Collingill* v. *Haverhill, ubi supra,* as one of the elements there entering into the question whether the defendant was or was not the keeper. It is possible that the jury might have inferred from all the testimony in the case that the dog was on the defendant's premises for his benefit or in his interest; but it was plainly for the jury, and not the court, to draw the inference. The conversation with the defendant, also testified to by the plaintiff's husband, and which implied an admission of liability by the defendant, was also contradicted by him. There was likewise evidence that the defendant exercised no control over the dog, and gave no directions concerning it, and did not interfere with the management of it by Rogers, and had nothing whatever to do with it, and that he did not feed it or pay the license for it, and simply acquiesced in the keeping of it by Rogers at the farm. We cannot say, upon this and other testimony in the case, that the jury would not have found that the defendant was not the keeper of the dog.

In *Barrett* v. *Malden & Melrose Railroad, ubi supra,* the question whether the defendant was or was not the keeper was submitted, under proper instructions, to the jury. That is also true of *Cummings* v. *Riley*, 52 N. H. 368, which is much relied on by the plaintiff. In *Auchmuty* v. *Ham*, 1 Denio, 495, also cited by the plaintiff, the court held that the owner of a farm on which a laborer was employed who lived elsewhere, and was accompanied to and from his work by a dog, which remained with him through the day on the farm, could not be considered as in possession of the dog, so as to be liable under a statute which pro-

vided that any person in possession of a dog or who suffered one to remain about his house for the space of twenty days should be deemed its owner, and responsible for injury committed by it. See *McLaughlin* v. *Kemp*, 152 Mass. 7.

The counsel for the plaintiff has not referred us to any case in which, upon a state of evidence similar to that in the present case, the court has ruled, as matter of law, that the defendant was to be regarded as the keeper, and that the only question for the jury was one of damages. We fail to see how the ruling of the court below can be upheld, and according to the terms of the report the entry must be, *Judgment for the defendant.*