JOHN O'DONNELL *vs.* ANN POLLOCK.

Middlesex.   November 9, 1897. — March 1, 1898.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Bite of a Dog — Evidence — Owner or Keeper.*

At the trial of an action for injuries caused by the bite of a dog, the questions, "Who kept that dog on this place, if any one ?" and, " Whether or not you kept the dog upon this place ? " asked of the defendant on direct examination, called for an expression of opinion rather than for a statement of fact, and, the witness being allowed to state any facts bearing on the question at issue, these questions were properly excluded.

At the trial of an action for injuries caused by the bite of a dog, a refusal to rule that the defendant cannot be liable both as owner and keeper does not prejudice him if the jury finds him liable as a keeper only.

At the trial of an action for injuries caused by the bite of a dog, the question who kept the dog is a question of fact for the jury, under suitable instructions, and it would be erroneous to instruct the jury to find unqualifiedly that one who harbored a dog would be liable as its keeper.

TORT, for injuries caused by the bite of a dog. The declaration was in two counts, the first of which alleged the defendant to be the owner, and the second the keeper of the dog. Trial in the Superior Court, before *Bond*, J., who allowed a bill of exceptions in substance as follows.

The plaintiff testified that he was bitten by the dog on August 9, 1895, while working in the field for William H. Winn, a farmer in Burlington.

Winn, called by the plaintiff, testified that the plaintiff was bitten while working on his farm; that he, his son, and one Donovan were present at the time; that he saw the dog for the first time that day at the defendant's house, whence it followed him to his house; that he afterward saw the dog running around in the field and barking; that he commanded it twice to lie down; and that he had seen the dog fed at the defendant's house, and thought that it was kept there, for he went there frequently and nearly always saw the dog there. On cross-examination, he testified that the dog was in the habit of following him from the defendant's house, was often at his place, was sometimes

kept in his house for an hour at a time, and played with his children ; that he had allowed it to follow him ; and that on the day when the plaintiff was bitten he had not attempted to drive the dog home, but had allowed it to remain on his place an hour or more before the biting.

One Donovan, called by the plaintiff, testified that he saw the dog come into the field where he and the plaintiff were working ahead of Winn, and looking as if it came from his house; that the dog ran around the field barking, and he heard Winn command it once to lie down ; and that he had seen the dog before at Winn's house, and also once or twice at the defendant's house.

Winn's son, called by the plaintiff, testified that he saw the dog bite the plaintiff ; that he heard his father call out two or three times to the dog to lie down ; that he had seen the dog at the defendant's house three or four times a week for a year or more; and that he had heard the defendant call the dog by its name, and thought he had seen her feed it.

There was also evidence for the plaintiff that the license for the dog for 1894 and 1895 was issued in the name of the defendant, on the application of her brother in law.

There was evidence for the defendant that the dog in question had been given to the plaintiff's daughters by one Linnell, in consideration of their having taken care of his dog; that they accepted the gift, and owned and took care of the dog from that time until it was killed.

The defendant testified that she knew of the dog being brought to her house, but that she had never seen the license, and had never authorized her brother in law to have the dog licensed in her name, and did not know that it had been done.

She was then asked by her attorney, " Who kept that dog on this place, if any one ? " The judge excluded the question, and said, " She may state any facts, and then the jury may say who kept the dog under the statute." The defendant excepted ; and her attorney then asked, " Whether or not you kept the dog upon this place ? " The judge excluded this question, and the defendant excepted. On cross-examination the defendant testified that she had occasionally spoken to the dog, and might sometimes have petted and fed it, and that the dog was kept in the house at night.

At the close of the evidence the defendant requested the judge to instruct the jury: 1. that the averment that the defendant is the " owner " of the dog which produced the injury is to be strictly proved; 2. that the averment that the defendant is the " keeper " of the dog which produced the injury is to be strictly proved; 3. that by the word " owner " in the statute is intended only the one in whom the legal title is vested; 4. that by the word " keeper " in the statute is intended, not the owner, but some person who harbors the dog; 5. that a person therefore cannot be liable as both the " owner " and the " keeper "; 6. that the question whether one is the " owner " is a mixed question of law and fact; 7. that the question whether one is the " keeper " is purely a question of fact; 8. that one injured by a dog is entitled only to exact compensation doubled; 9. that where the action is brought by a minor there can be no recovery for the loss of his time or services, for medical attendance, or for the expenses of treating the injury, or caring for or maintaining him during the continuance of the injury; 10. that the plaintiff is entitled to recover for the actual pain and suffering, both physical and mental, and for any loss in his physical capacity directly attributable to the injury; 11. that the plaintiff is not entitled to recover for apprehended results which have never happened; 12. that even if the defendant had been at any other time the " keeper " of the dog, she would not be liable as the " keeper " for the damages occasioned in this action, for the reason that the dog was then upon the premises of another, and being there harbored, in her absence, by one or more of the persons there.

The judge gave the first, second, third, sixth, eighth, ninth, tenth, and eleventh prayers for instructions, and refused to give the fourth, fifth, seventh, and twelfth; and the defendant excepted. The judge ruled that there was no evidence which would warrant a jury in finding that the dog was kept by Winn; and the defendant excepted.

The jury returned a verdict for the defendant on the first count, and for the plaintiff on the second count; and the defendant alleged exceptions.

*S. H. Tyng*, for the defendant.

*S. J. Elder*, for the plaintiff.

MORTON, J.  The questions, " Who kept that dog on this place, if any one?" and, " Whether or not you kept the dog upon this place?" involved, we think, more matter of opinion and judgment than they did of fact, and therefore were rightly excluded.  Whether the defendant or some one else kept the dog could be determined only by a consideration of all of the circumstances relating to the presence of the dog on the farm where the defendant lived; in other words, the questions would have called not so much for statements of facts coming within the observation of the witness as for statements of conclusions as the result of those observations.  The witness was allowed by the court to state any facts bearing on the question at issue.

In view of the finding of the jury that the defendant was not the owner, no harm was done the defendant by the refusal to rule that the defendant could not be liable both as owner and keeper.  One who suffers a dog to remain temporarily on his premises is not, as matter of law, its keeper.  *Whittemore* v. *Thomas*, 153 Mass. 347.  And we think that one who harbors a dog for a short time is not liable under all circumstances as its keeper.  It would have been error, therefore, to have permitted or instructed the jury to find unqualifiedly that one who harbored a dog would be liable as its keeper.  The question who kept the dog was a question of fact for the jury, under suitable instructions, and there is nothing to show that it was not so treated.

We think that the ruling that there was no evidence to show that the dog was kept by Winn at the time of the biting was correct.

*Exceptions overruled.*