Nellie E. Boylan *vs.* Amelia F. Everett & another.

Norfolk.    December 16, 1898. — January 7, 1899.

Present: Field, C. J., Holmes, Morton, Lathrop, & Barker, JJ.

*Instructions — Law and Fact — " Bite of Dog " — Exceptions.*

At the trial of an action for injuries caused by the bite of a dog, the plaintiff re-
quested a ruling that, " upon the undisputed and admitted facts in this case, the
only question for the jury to determine is one of damages." The bill of excep-
tions did not state that it contained all of the evidence material to the issue in-
volved. *Held*, that the question whether the defendant was a keeper of the dog,
within the Pub. Sts. c. 102, § 93, was a question of fact for the jury, and that
the instruction requested was rightly refused.

No exception lies to the refusal to give an instruction which is given in substance.

At the trial of an action, under Pub. Sts. c. 102, § 93, for injuries caused by the
bite of a dog, the plaintiff requested a ruling that " where a person allows a dog
to be on his premises, occasionally feeding and petting it, sometimes calling it
and commanding its obedience, or simply permitting the dog, so to say, to be
one of the family, he then is the keeper of the dog, and becomes liable for any
damage caused by it." The defendant testified that she " fed and caressed the
dog, called it in and sent it out, that it was treated the same as anybody would
that had a dog at their home," and that when her nephew was away she took
care of it. *Held*, that the judge was·not required to rule, as matter of law, that
the defendant was the keeper of the dog, irrespective of the fact that the dog
belonged to the nephew, who boarded with her.               ᵒ

Because it appears that the defendant, in an action under Pub. Sts. c. 102, § 93, for
injuries caused by the bite of a dog, exercised some control over and had some
custody of the dog, it does not follow that the plaintiff is entitled to a ruling, as
matter of law, that the defendant was responsible for the dog as keeper.

At the trial of an action under Pub. Sts. c. 102, § 93, for injuries caused by the
bite of a dog, the plaintiff is not entitled, as matter of law, to a ruling that " if
the dog belonged to the defendant's nephew and he kept him on the defendant's
premises with his consent, and the defendant did anything to maintain or keep
him, gave him food or protected him or provided for him in any way, he would
be, in the sense of the law, keeper of the dog," if, while the acts recited may be
evidence of keepership, more or less significant according to the other facts ap-
pearing in the case, it cannot be said that they are conclusive.

Where an exception taken to the charge to the jury is only so far as it is incon-
sistent with requests for rulings which were rightly refused, the exception must
be overruled.

Tort, for injuries caused by the bite of a dog, which the
plaintiff alleged was kept by the defendants. At the trial in
the Superior Court, before *Sherman*, J., there was evidence tend-
ing to show that the injury occurred on July 17, 1897, as the
plaintiff was walking along a public highway which passed the

defendants' residence in Medfield. The defendants, aged persons, a widow and her unmarried sister in law, "kept the house," furnished the provisions and all things for its support, and the premises were under their exclusive possession and control. Their nephew, William H. Everett, who was over twenty-one years old, boarded with them, and had done so since 1878, except for a few months in 1893, when he lived in Boston. In 1891 he bought a dog which he brought to the house, where it was kept, with the defendants' consent, until after the injury to the plaintiff, he paying the license for the dog each year. The defendants testified that they "fed and caressed the dog, called it in and sent it out, that it was treated the same as anybody would that had a dog at their home," and when the nephew was away they took care of it.

The plaintiff requested the judge to rule:

"1. Upon the undisputed and admitted facts in this case the only question for the jury to determine is one of damages. 2. The keeper of a dog is one who harbors it, or exercises control over it, although to be a keeper of a dog it is not necessary that one should have the whole or entire control of the dog, and there may be several keepers of the same dog, any one of whom might be liable for damage caused by it. Where a person allows a dog to be on his premises, occasionally feeding and petting it, sometimes calling it and commanding its obedience, or simply permitting the dog, so to say, to be one of the family, he then is the keeper of the dog, and becomes liable for any damage caused by it. 3. It is for the jury to say, upon the evidence, whether they believe that the plaintiff has shown by a fair preponderance of all the evidence in the case, that the defendants had some control and custody over the dog. If they did, they are responsible for him as keepers. 4. If the dog belonged to the defendants' nephew, William H. Everett, and he kept him on the defendants' premises with their consent, and they did anything to maintain or keep him, gave him food or protected him, or provided for him in any way, they would be, in the sense of the law, keepers of the dog."

The judge refused to rule in the language of the prayers, and read the following extract from the opinion in *Whittemore v. Thomas,* 153 Mass. 347, 349:

" The evidence undoubtedly shows that, though the defendant was not the owner of the dog, it was kept on his premises with his knowledge and acquiescence. But while it is true that a person not the owner of a dog may be liable as its keeper, the mere fact that a dog is kept by its owner on the premises of another with the knowledge, or acquiescence, or permission of the owner of such premises, does not of itself make the owner of said premises the keeper of the dog. *Collingill* v. *Haverhill,* 128 Mass. 218.

" If the contrary were true, then a landlord might be liable as the keeper of a dog which belonged to and was at all times in the possession and control of a tenant or boarder, or even of a guest of a tenant or boarder. The law does not require the owner or occupant of premises to eject every dog that may be or may come upon them, at the risk, unless he does so, of being adjudged its keeper. No doubt a dog may be upon the premises of another under such circumstances that a jury would be warranted in finding that the owner of such premises was the keeper of it. . . . And when the facts are not in dispute, or are substantially agreed, the court may rule upon the question as matter of law, provided there are no inferences to be drawn from the facts in proof. . . . In the present case, while certain material facts were undisputed, other material facts, with the inferences to be drawn from the facts in proof, were in controversy. Thus, except the remark by the defendant, testified to by the plaintiff's husband and denied by the defendant, that the dog kept close watch on the hogs, there was no direct testimony that the dog was on the premises ' for the benefit or in the interest of the defendant,' which was evidently regarded in *Collingill* v. *Haverhill, ubi supra,* as one of the elements there entering into the question whether the defendant was or was not the keeper. It is possible that the jury might have inferred from all the testimony in the case that the dog was on the defendant's premises for his benefit or in his interest; but it was plainly for the jury, and not the court, to draw the inference. The conversation with the defendant, also testified to by the plaintiff's husband, and which implied an admission of liability by the defendant, was also contradicted by him. There was likewise evidence that the defendant exercised no control over the dog, . . . and did not

interfere with the management of it by Rogers, and had nothing whatever to do with it, and that he did not feed it or pay the license for it, and simply acquiesced in the keeping of it by Rogers at the farm. We cannot say, upon this and other testimony in the case, that the jury would not have found that the defendant was not the keeper of the dog."

The judge continued :

" Where there is a dispute about what is done by the alleged keeper, and how he has acted, then it is for the jury to say whether it is mere acquiescence on the part of the persons who are alleged to be the keepers, or whether they are in fact the keepers of the dog, or some of the keepers of the dog, — because I suppose a dog may have more than one keeper. The court say, in that case, the mere fact that a person allows a dog to be kept upon his premises by another person does not of itself make the owner of the premises liable, and you can see that would be so.

" Here the plaintiff seeks to make these defendants liable upon the ground that they have become the keepers of it, that they have assumed control over it, and management over it, and custody over it to the extent that you can find that they are the keepers ; while the defendants, on the other hand, contend that all these defendants did was to acquiesce in its being kept, and that they caressed it, and fed it ; and when the master was away, they turned it out of doors when it ought to be turned out, and have let it in when it ought to come in, because the master was away for the time being ; that that was all they did, they acquiesced in their nephew's keeping it there, and that therefore they are not the keepers. The plaintiff, on the other hand, says, ' Yes, you became the keepers,' you have assumed control and management and custody of that dog, and you are the keepers. All that it is proper for me to say is, that the Supreme Court have said that that is a question of fact for the jury, and they must determine whether these defendants did become the keepers of that dog. If they became the keepers of the dog in the sense which I have stated, then they are liable, although they are not the owners, and therefore it is important for you to decide whether they were, at the time when the dog bit the plaintiff, the keepers of the dog.

"If you find that they were not, they are not liable, and as I stated to learned counsel, you may assume they liked the dog, and that they caressed it, that they let it out of doors and let it in, because that is not in dispute; you may assume they fed it when the owner was away, and I do not know but when he was there; you may assume all that is not in dispute, and all that has been offered in evidence by the plaintiff of what the defendants did. If you determine that the nephew was not only the owner but the keeper, and that the defendants were not, then your verdict should be for the defendants. If you find that they were the keepers with the nephew, or without him, then they are liable."

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*T. E. Grover*, for the plaintiff.

*P. H. Cooney*, for the defendants.

LATHROP, J. The bill of exceptions in this case does not state that it contains all of the evidence material to the issue involved, and the question whether the defendants were the keepers of the dog, within the Pub. Sts. c. 102, § 93, was a question of fact for the jury. *Barrett* v. *Malden & Melrose Railroad*, 3 Allèn, 101. *Collingill* v. *Haverhill*, 128 Mass. 218. *McLaughlin* v. *Kemp*, 152 Mass. 7. *Whittemore* v. *Thomas*, 153 Mass. 347. *O'Donnell* v. *Pollock*, 170 Mass. 441. The first instruction requested was, therefore, rightly refused.

The first part of the second instruction requested was given in substance. We do not think that the judge was required to give the last part of this request as matter of law: "The mere fact that a dog is kept by its owner on the premises of another with the knowledge, or acquiescence, or permission of the owner of such premises, does not of itself make the owner of said premises the keeper of the dog." *Whittemore* v. *Thomas, ubi supra*. Nor can we say that the facts that the defendants fed and caressed the dog, called it in and sent it out, and that it was treated "the same as anybody would that had a dog at their home," which is the testimony of the defendants, and which we assume to be the meaning of the last part of the second request, required the judge to rule, as matter of law, that the defendants were therefore the keepers of the dog, irrespective of the fact

that the dog belonged to their nephew, who was a boarder with them.

As to the third request we do not think that if the defendants exercised some control over and had some custody of the dog, it therefore followed that the plaintiff was entitled to a ruling, as matter of law, that the defendants were responsible for him as keepers.

We are further of opinion that the judge was not bound, as matter of law, to give the fourth ruling requested. While the acts recited may be evidence of keepership, more or less significant according to the other facts appearing in the case, it cannot be said that they are conclusive.

The exception taken to the charge is only so far as it is inconsistent with the requests made. It seems to us that the requests were rightly refused; and that the case was properly submitted to the jury on the evidence. *Exceptions overruled.*