GEORGE H. McCOSKER vs. JOHN A. WEATHERBEE.

Penobscot.    Opinion February 27, 1905.

*Dog.    Keeper.    R. S. 1903, c. 4, § 52.*

While it is true that a person, not the owner of a dog, may be liable as its
keeper, yet the mere fact that the dog is kept by its owner on the prem-
ises of another, with the knowledge or acquiescence, or permission of the
owner of such premises, does not of itself make the owner of said premises,
the keeper of the dog.

On exceptions by plaintiff.    Overruled.

Action of trespass under the statute to recover damages of the
defendant as the alleged keeper of a dog by which the plaintiff was
bitten.

The case is stated in the opinion.

*T. P. Wormwood,* for plaintiff.

*F. J. Martin, and H. M. Cook,* for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE,
   PEABODY, SPEAR, JJ.

SPEAR, J.   This is an action of trespass, under R. S., chapter 4,
sec. 52, to recover damages of the defendant as the alleged keeper of
a dog by which the plaintiff was bitten.   When the evidence was
completed the presiding justice directed the jury to return a verdict
for the defendant, to which order the plaintiff seasonably excepted.
The only question therefore presented for consideration is whether a
verdict of the jury, if rendered for the plaintiff, could be sustained
upon the evidence.   We think it could not.   The testimony shows
that the dog in question was kept at the stable of the defendant, and
was about the premises, more or less, and this is all that appears in
the case that tends to prove the allegation that the defendant was
keeper.   On the other hand, it is proven beyond controversy that the
dog was owned by the defendant's son, who was thirty-three years of

age, having been received by him as a present; that the defendant, instead of harboring the dog, both forbade and prevented his presence in his house; that he did not want any dog at all upon the premises and had nothing whatever to do with this one; that the son had the care, custody and control of the dog, and, whenever absent from home, employed the hostler to take charge of him, and that the hostler, at such times, did take charge of the dog and procure food for him. Upon this state of facts, it cannot be asserted that the defendant had the care, custody and control of this dog. But unless he had he cannot be charged as keeper.

It seems to us clear that Albert W. Weatherbee, the son, was, under the evidence, not only the owner but the keeper of the dog within the meaning of the statute.

This position is fully sustained by *Whittemore* v. *Thomas*, 153 Mass. 349, a case very similar to the one at bar, in which it is held: "But while it is true that a person, not the owner of a dog may be liable as its keeper, the mere fact that the dog is kept by its owner on the premises of another, with the knowledge, or acquiescence, or permission of the owner of such premises, does not of itself make the owner of said premises, the keeper of the dog."

See also, *Mitchell* v. *Chase*, 87 Maine, 174; *Collingill* v. *Haverhill*, 128 Mass. 218, and *Boylan* v. *Everett*, 172 Mass. 453.

*Exceptions overruled.*