EDWARD ANDERSON *vs.* TOM B. MIDDLEBROOK & another.

Suffolk.   March 4, 1909. — June 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Witness,* Adverse called under R. L. c. 175, § 22.   *Dog.   Joint Tortfeasors.*

One who calls the adverse party as a witness under R. L. c. 175, § 22, is not bound by his testimony, and has a right to ask the jury to believe certain facts testified to by him and to disbelieve his explanations of them.

In an action under R. L. c. 102, § 146, against a man and a woman to recover double damages for being bitten by a dog of which the defendants were alleged to be the owners or keepers, the presiding judge refused to rule that there was no evidence on which the jury could find that the dog was kept by the two defendants jointly, and allowed the jury to return a verdict for the plaintiff against both defendants.   The man defendant, called by the plaintiff as an adverse witness under R. L. c. 175, § 22, testified that two years before the bringing of the action he sold certain dog kennels, theretofore established on his land and owned by him, together with the good will of the business done there, to the woman defendant, who was in the employ of his wife, that after the sale the dogs continued to be kept on his land, that he accompanied them to various

dog shows where they were exhibited, that he had accepted the fee for the service of one of the dogs, and that the woman defendant also took the fee for service when she was about. He also testified that he bought food for the dogs. He explained that, in doing the acts to which he testified, he was acting in behalf of the woman defendant, and that he paid over to her the money he received. There also was evidence that the two defendants had been seen walking together accompanied by a group of dogs, including the dog that bit the plaintiff, and that the man defendant had been seen feeding that dog. It further appeared that the kennels had been carried on under the same name before and ever since the date of the bill of sale to the woman defendant. The woman defendant did not appear in court. Evidence was introduced by the defendants that the woman defendant was licensed to keep various dogs on the premises, and there was evidence from which it could have been inferred that the dog which bit the plaintiff was included in the licenses. *Held,* that the evidence warranted a finding that after the delivery of the bill of sale the dogs were kept by the defendants jointly, and that the ruling of the trial judge was right.

TORT under R. L. c. 102, § 146, against Tom B. Middlebrook and Ellen Johnson, for injuries received on July 8, 1907, from the bite of a dog of which the defendants were alleged to be the owners or keepers. Writ in the Municipal Court of the city of Boston dated July 25, 1907.

The declaration contained six counts, the first of which alleged that the two defendants were at the time of the injury the joint keepers of the dog which caused the injuries; the second count alleged that the two defendants were the joint owners of the dog at the time; the third count that the defendant Johnson was the keeper of the dog at the time; the fourth count that the defendant Johnson was the owner of the dog at the time; the fifth count that the defendant Middlebrook was the keeper of the dog at the time; and the sixth count that the defendant Middlebrook was the owner of the dog at the time.

On appeal to the Superior Court the case was tried before *Crosby,* J.

At the close of all the evidence, the defendants asked the judge to give to the jury the following instructions, among others :

" 9. There is no evidence from which the jury can find that the two defendants owned the dog which produced the injury jointly.

" 10. That there is no evidence in the case from which the jury can find that the dog in question was kept jointly by the two defendants."

"13. That upon all the evidence the jury cannot find a verdict against both of the defendants."

The judge gave the ninth instruction as requested, but refused to instruct the jury as requested by the defendants in the tenth and thirteenth requests, and instructed them that there was evidence in the case from which the jury could find that the dog in question was kept jointly by the two defendants, and that upon all the evidence the jury could find a verdict against both defendants.

The jury returned a verdict for the plaintiff against both defendants. They assessed the damages sustained by the plaintiff in the sum of $175, and doubled that amount under the provision of the statute, assessing the total damages in the sum of $350. The defendants alleged exceptions.

*S. R. Cutler*, for the defendants.

*E. Field*, (*H. L. Brown* with him,) for the plaintiff.

LORING, J. The only question presented by this bill of exceptions is whether the jury were warranted in finding that the dog which bit the plaintiff was kept jointly by both defendants on July 8, 1907, the day in question.

The defendant Middlebrook testified that before May, 1905, certain dog kennels, called the Revere Collie Kennels, had been established by him on premises owned by him, and on that day he had sold all the dogs and the good will of the business done there under the name of the Revere Collie Kennels to the defendant Ellen Johnson, who " was in the employ of his, Middlebrook's, wife." That after that date the dogs were kept on these same premises owned by Middlebrook, that Middlebrook had accompanied the dogs to various dog shows where the dogs were exhibited; and that he had accepted the fee for service of one of the dogs, and that the defendant Johnson also took the fee for service when she was about. He also testified that he had bought food for the dogs. It is true that Middlebrook testified that he never had received any benefit or profit from any dogs kept on the premises since the sale in 1905; that when he took the dogs to shows it was done as a favor to the defendant Johnson, and that the fee for service received by him was turned over to her and the food bought by him was bought for the defendant Johnson. But, the plaintiff having called the defendant as an

adverse witness under the statute (R. L. c. 175, § 22), was not bound by his testimony. *Emerson* v. *Wark*, 185 Mass. 427, and so the jury could accept the facts testified to by him and disbelieve the explanations. *Hankinson* v. *Lynn Gas & Electric Co.* 175 Mass. 271.

There was also evidence that both defendants had been seen walking together accompanied by a group of dogs, including the dog that bit the plaintiff, and that the defendant Middlebrook had been seen feeding the dog in question. It was in evidence further that the kennels had been carried on under the same name, to wit, Revere Collie Kennels, since the date of the bill of sale.

The defendant Johnson, to whom Middlebrook made the bill of sale of the Revere Collie Kennels as testified to, who "was in the employ of his, Middlebrook's, wife," did not appear in court.

" Evidence was introduced by the defendants that the defendant Johnson was duly licensed, in accordance with the provisions of law, to keep various dogs on the said premises ; and from the description contained in several of the licenses, which were introduced in evidence, the jury might have inferred that the dog which caused the injury was included in the number so licensed."

We are of opinion that this evidence warranted a finding that after the bill of sale the dogs were kept by the defendants jointly within the rule laid down in *Barrett* v. *Malden & Melrose Railroad*, 3 Allen, 101 ; *Collingill* v. *Haverhill*, 128 Mass. 218 ; *McLaughlin* v. *Kemp*, 152 Mass. 7 ; *Whittemore* v. *Thomas*, 153 Mass. 347 ; *O'Donnell* v. *Pollock*, 170 Mass. 441 ; *Boylan* v. *Everett*, 172 Mass. 453.

*Exceptions overruled.*