Rowe, J.
This is an action of tort in which the plaintiff seeks to recover for damages to its property growing out *262 of an accident wherein an automobile owned by the defendant struck and damaged a building owned by the plaintiff on Marginal Street, Chelsea on Oct. 29, 1944 at 7 P. M. The trial judge found for the plaintiff. The defendant claims to be aggrieved by the refusal of the trial judge to grant his requests for rulings to the effect that there was no evidence of negligence on the part of the defendant. We think the denial was correct.
The defendant was the only witness. He testified that on Oct. 29,1944 at 5 P. M. he parked his car with the front right wheel toward the curb, locked the door, took the key out of the ignition and went into the house, that he shut the doors but didn’t lock them'; that the front wheels were lower than the rear wheels when the car was parked in front of the house; that the right front wheel was up toward the right-hand curbstone; that he pulled up the emergency brake and locked the ignition and retained in his possession the only key; that the plaintiff’s property is located on Marginal Street, Chelsea, a block and a half from the defendant’s home; that there is a slight decline forms in front of the defendant’s home to Essex Street which is a half block away in the general direction towards the plaintiff’s property, that the defendant’s car was facing towards the plaintiff’s property, that on Shurtleff Street from Essex Street to Marginal Street which is one full block, there.is also a decline in the street, that at 7 P. M. at the time of the accident, the defendant was then informed by someone, came out of his house, was directed to the plaintiff’s property and saw his automobile at the time up against the property of the plaintiff, that the defendant did not authorize nor give permission to' anyone to use his automobile at the time he parked the car in front of his house up until the time he went to the plaintiff’s property.’
*263 The trial judge found specially that the defendant did not set his brake and that there was not an intervening, independent act by a third party.
The defendant argues that the cause of the accident is conjectural and that mere disbelief of evidence is not equivalent to affirmative evidence.
The defendant was the only witness. The plaintiff did not hold him out as entitled to credit. Anderson v. Middlebrook, 202 Mass. 506. The trial judge could accept as true so much of his testimony as she believed was entitled to credit and reject the rest, Klayman v. Silberstein, 252 Mass. 275, 278, so long as the disbelief of a portion of that testimony did not attribute to the witness a statement he did not make. Marguandt v. Boston Y. W. C. A., 282 Mass. 28, 31.
The trial judge did not believe the testimony concerning the setting of the brake and there was no testimony concerning any act of a third party. The trial judge could disbelieve the testimony as to the manner of the wheels being parked toward the curb. It might reasonably be found that a car parked on an incline and without the instrumentality of a third person, might roll down the incline, unless prevented by the application of a brake. This being an adequate cause for the car going forward, the court could so find and could find that the brake was not set, even if the defendant said it was, and could further find that the not setting of the brake was negligence in the circumstances.
The cause of the accident is not left as being conjectural as matter of law and is governed by the doctrine of Glaser v. Shroeder, 264 Mass. 357. Report dismissed.