GAIL BROWN *vs.* JACQUELINE BOLDUC & another.[1] No. 88-P-1377. July 23, 1990. *Dog. Negligence*, Dog.

This is a dogbite case. Gail Brown, the victim, aged thirty-two at the time of the accident, brought her action against Sonia Bolduc, aged twenty-nine, and Sonia's parents, Jacqueline and Daniel Bolduc. Upon trial, Gail had a verdict and judgment against Sonia on the basis of the dogbite statute, G. L. c. 140, § 155, as amended by St. 1968, c. 281, set out in the margin.[2] At the close of her case against the parents claiming negligence as well as breach of the statute, the judge directed a verdict for the parents, and Gail takes her appeal from the judgment against her.

On February 27, 1983, there was a luncheon party at Sonia's residence, a mobile home or trailer at 73 Dock Lane, Salisbury. Attending, besides Sonia, were her boyfriend David Brown, his sister Gail (the plaintiff), her four year old daughter, and Mary Brown, mother of Gail and David. Eric Klein (Gail's boyfriend) was a late arrival. The luncheon was to celebrate Mary Brown's birthday. Sonia's parents (the defendants) were not present.

About 1 P.M., all went outdoors, and engaged in some play with one of the horses stabled at the barn near the trailer. An hour later, Gail, getting ready to depart with others of the party, entered the trailer to go to the bathroom. On a couch lay Sonia's Samson, a Saint Bernard weighing 125

---

[1] Daniel Bolduc.

[2] "If any dog shall do any damage to either the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, is under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

pounds.[3] Gail came near the dog and greeted him (the encounter was somewhat variously described by her). Samson bit her on the nose and cast her down on the floor. The wounds to the nose required forty-eight sutures and left some permanent disfigurement.

The case against Sonia under the statute could be found to be quite clear (barring evidence that Gail "was committing a trespass or other tort, or was teasing, tormenting or abusing" the dog). Sonia was, and testified that she was, the "owner" and "keeper" of the dog, having bought the dog, and being responsible and regularly attendant upon him for housing, feeding, grooming, and exercising him, and caring for his health. The statute is indifferent to any question of negligence. See *Malchanoff* v. *Truehart*, 354 Mass. 118, 123 (1968).

It is possible for a number of persons to be keepers of a particular dog, see *Boylan* v. *Everett*, 172 Mass. 453, 454 (1899), and persons who are neither owners nor keepers may conduct themselves negligently in relation to a dog so as to become liable for consequent injuries to others. The evidence relied on here to implicate the parents — evidence to be viewed with the usual intendments in favor of the plaintiff — ran thus.

The parents owned the trailer and related ground, but lived at a distance of a mile or more from the place, at 33 Ferry Road. Sonia resided (with her boyfriend) in the trailer rent free, but paid all utility charges. While renovations were being made to a barn at Ferry Road, the parents kept two horses and a pony temporarily in the barn at Dock Lane. The father brought feed for the horses twice a week, the mother visited twice a day to feed and groom the horses. Father and mother would see Samson as they passed when he was kept out of doors; they would greet and sometimes pet him; the mother on occasion filled his water pail.[4] All this advances not at all any claim that the parents or either of them were "keepers" of Samson. It is difficult, of course, to frame a universal definition of keepership, but a "harboring with an assumption of custody, management and control of the dog" seems intrinsic to it. *Maillet* v. *Mininno*, 266 Mass. 86, 89 (1929), citing *Boylan* v. *Everett*, *supra*. See generally Annot., Who "Harbors" or "Keeps" Dog Under Animal Liability Statute, 64 A.L.R. 4th 963 (1988).

On the score of the parents' alleged negligence, the plaintiff referred to an episode in late summer or early fall of 1982. A man approaching the trailer to bring in a cylinder of propane gas to replace an exhausted cylinder was barked at by Samson. Samson was on a chain or leash and came no closer than fifteen feet to the gasman. Evidently Samson had been startled by the rattle of the metal cylinder and the metal cart in which it was carried. However, the man complained to his boss, the boss called the

---

[3]Samson was in the yard when lunch was being eaten; when the party moved to the yard, he was removed to the trailer.

[4]On one occasion the mother accompanied Sonia to the veterinarian. Something is made of this, but it appears that this was a joint visit, Sonia leading Samson, and her mother a dog of her own.

mother,[5] the mother called Sonia, and Sonia responded, whenever Samson was outside the trailer, by tying Samson down near the barn, rather than the porch, and thus at a longer distance from a person entering the premises. The same gasman later made several deliveries to Dock Lane without incident. No jury could find in reason that this charged the mother, as landowner, still less the father, with breach of a duty of due care in the meaning of *Mounsey* v. *Ellard*, 363 Mass. 693, 706-707 (1973). As the judge indicated in a sound discussion at the time he directed the verdict, it would be preposterous on these facts to charge the parents with some obligation to intrude themselves and give warning to Sonia's guests about danger from a dog or to insist on other precautions. It was for the owner-keeper to handle her dog. See *Splaine* v. *Eastern Dog Club, Inc.*, 306 Mass. 381, 385-386 (1940).

> *Judgment for the defendants*
> *Jacqueline and Daniel*
> *Bolduc affirmed.*

*Eileen D. Agnes* for the plaintiff.
*David A. Carey* for the defendants.

---

[5]Probably on the basis of an outdated record. The parents had occupied the trailer until sometime in 1981.