Wheatley, J.
This is a dogbite case. On September 22,1994, Monica McRae, a minor, was bitten in the leg by a dog named “Mato,” which was being walked on a leash by James Kosinski (James). The dog, owned by Deborah Siler, had, on two prior occasions, stayed in a truck in the driveway of the home of James and Leo Kosinski (Leo), father and adult son. McRae sued Siler and the Kosinskis under G.L.c. 140, §155, as amended by St. 1968, c. 281. She obtained a default judgment and execution against Siler for $2,220.42, and, subsequently, after trial, obtained a judgment against James and Leo for $12,500, which the trial judge reduced by “the $1,969 default assessment against Debora[h], ... leaving the total amount due $10,531.”
The Kosinskis made two requests for rulings which are pertinent to this appeal:
*19 (8). The plaintiff is estopped from claiming damages in excess of $2,220.42 as judgment entered for the plaintiff against the defendant Deborah Siler in the amount of $2,220.42.
(9). The evidence does not warrant a finding for the plaintiff, and a finding for the defendants James and Leo Kosinski is therefore required as a matter of law.
Request #8 was also raised in a Motion in limine, which was denied. The trial judge’s response to both requests was “Denied, as I do not find.” The Kosinskis have appealed from the judgment against them and the denial of their requests for rulings pursuant to Dist/Mun. Cts. R.A.D.Í, Rule 8A The issues before this Court are those raised by the two requests for rulings. Because we have resolved the issue raised by request #9 in the defendants’ favor, the issue raised by request #8 is rendered moot and need not be addressed by us.
G.L.c. 140, §155 imposes strict liability on the “owner or keeper” of a dog which causes damage to a person’s body or property. Malachanoff v. Truehart, 236 N.E.2d 89, 354 Mass. 118 (1968). The record in this case contains no evidence that would warrant a finding that the Kosinskis are owners. It is reasonable, therefore, to infer that the trial judge’s finding of liability is based on a determination that James and Leo were “keepers” of the dog. The Kosinskis argue that, as a matter of law, the evidence does not support such a finding. We agree.
Whether someone is a keeper of a dog is a question of fact. O’Donnell v. Pollock, 170 Mass. 441 (1897). “It is difficult, of course, to frame a universal definition of keepership, but a ‘harboring with an assumption of custody, management and control of the dog’ seems intrinsic to it.” Brown v. Bolduc, 556 N.E.2d 1051, 29 Mass. App. Ct. 909 (1990). See also Maillot v. Manana, 165 N.E. 15, 266 Mass. 86 (1929) (the mere presence of the dog on the premises where the defendants lived, or acquiescence in its presence, is not enough to prove keeping); Boyan v. Everett, 52 N.E. 541, 172 Mass. 453 (1899) (court not required as a matter of law to instruct that one is a keeper if he has a dog on his premises, feeds and caresses the dog and treats it “the same as anybody would that had a dog at their home”); Whittemore v. Thomas, 153 Mass. 347 (1991) (defendant is not a keeper if the dog was not on his premises for his benefit or interest); O’Donnell, supra (one who suffers a dog to remain temporarily, or who harbors a dog for a short time, on his premises is not, as a matter of law, its keeper); and Siira v. Shields, 360 Mass. 874 (1972) (jury entitled to find that employee of dog-owner, who fed the dog occasionally and was walking it when it knocked her over, was not a keeper).
The report of the evidence in the case at bar contains only two facts: 1. That the dog Mato had stayed in a truck in the driveway of the home of James and Leo Kosinski on two occasions prior to September 22,1994, and 2. On September 22, 1994, while James Kosinski was walking Mato on a leash, Mato bit the plaintiff in the leg. These facts, whether taken separately or together, do not support a finding that the defendants were keepers of the dog.
Concerning the two occasions on which the dog stayed in a truck in the defendants’ driveway, (assuming, arguendo, that the use of the word “home” in the record means that the property containing the driveway was owned by James and Leo), the record is markedly meager and contains no context. In an attempt to determine whether these facts constitute “harboring with an assumption of custody, management, and control” attributable to the Kosinskis, per the Brown case, supra, there is nothing with which to flesh out the evidentiary skeleton. We have no background with which to determine who owned the truck, how long the dog was in the truck, the reason the dog was there, whether it was there with the knowledge and acquiescence of the Kosinskis, if the Kosinskis were “keeping” the dog, and when these occasions happened in relation to the biting incident. *20 Whether the dog was in a truck owned by Siler when she merely visited the defendants, or whether it was there under some boarding agreement between Siler and the Kosinskis is not apparent on the record. Perhaps the trial judge had more facts on which to base his decision, but we, in our decision-making, are limited to the statement in the expedited appeal, per Rule 8A, supra. This evidence does not, as a matter of law, support a finding that the Kosinskis were keepers of the dog, Mato.
The walking of the dog on the day in question by James (Leo was not with him), may, without more, come within the definition of the “custody” and “control” of the dog. However, it is apparent from the Brown definition, supra, that the concept of “keeper” envisions more than the mere possession and control of the dog. “Harbor” is defined as “to afford lodging to, to shelter, or to give refuge to.” Black’s Law Dictionary, 5th Edition (1979), “to serve as a place of protection to; to house; to shelter.” Webster’s New Universal Unabridged Universal Dictionary, 2d Edition (1979). The mere walking of the dog, as reported in this case, does not fall within these definitions. As a matter of law, the evidence does not support a finding that the Kosinskis were keepers of the dog.
Accordingly, the trial court’s judgment for the plaintiff against Leo Kosinski and James Kosinski is hereby vacated. Judgment shall enter for the defendants, James Kosinski and Leo Kosinski.
So ordered.