Barrett, J.
Defendant-Appellant (Phillips) appeals pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, from a finding of the trial court that he was the “keeper” of a dog that bit the nose of Plaintiff-Appellee (Reed).[1] Phillips contends that the evidence introduced at trial does not support such a finding and, therefore, judgment for plaintiff should be vacated.
The undisputed evidence in this case is that Phillips, his significant other Patricia McDuffy and her minor child, lived together with the offending dog for ten years. The dog, an American bull dog named Dixie, was purchased by McDuffy eleven years prior to trial. She registered herself as the dog’s owner ten days after the incident that gave rise to this action. On March 17,2000, Reed was at Phillips’s home when the dog bit Reed’s nose, causing serious injury.
After trial, the court awarded Reed damages of $40,520.00. In his case summary, Judge Connor found that Reed was an invited guest who did not provoke the dog, but was bitten when Phillips left Reed alone with the unrestrained canine.
At the close of evidence, Phillips filed Requests for Ruling of Law that were not acted upon by the court. Those Requests included the following:
#4 Mere ownership of the premises upon which a dog is kept does not alone render the property owner liable as a keeper of the dog even where the dog continues upon the premises with the knowledge, acquiescence or even permission of the property owner.
#5. Mere presence of a dog causing injury on a defendant’s premises or acquiescence in the dog’s presence does not show ownership or keeping, making a defendant liable for injuries sustained.
The failure of the trial court to specifically rule on the above requests would normally dictate a finding by this court that the rulings were denied. Mass. R. Civ. P, Rule 64A(c). However, as the defendant noted in his brief, the trial court seemed to adopt his requests when, in his Summary, Judge Connor ruled as follows:
Keepership involves harboring with the assumption of custody, management and control of the dog. Salisbury v. Ferioli, 49 Mass. App. Ct. *158 487 (2000). It requires more than simple [acquiescence][2] to the dog’s presence in the home Boylan v. Everett, 172 Mass. 453 (1899) [or][3] a gratuitous act of walking the dog. Siira v. Shields, 360 Mass. 874 (1972).
Given these rulings, this court considers Phillips’s Requests #4 and #5 as having been accepted by the trial court [see Mass. R. Civ. R, Rule 64A(c) (1)] and will go on to consider the question of whether or not there was sufficient evidence introduced at trial to support the court’s conclusion that Phillips was a co-keeper of the dog, with McDuffy. See Boylan, supra, at 454 (dog may have more than one keeper).
There is no question but that the issue of “keepership” is one of fact to be decided, in this case, by the trial judge. Boylan, supra, at 457; Siira, supra, at 874. Phillips bears the burden on appeal to show that the court’s findings were “clearly erroneous.” Mass. R. Civ. P., Rule 52(c).[4] A judge’s subsidiary findings will not be disturbed if they are warranted by the evidence. Commonwealth v. Amazeen, 373 Mass. 73, 77 (1978). Phillips maintained that the dog belonged exclusively to his girlfriend, but the court found, as it may, that Phillips’s version of that fact was not credible. Commonwealth v. Boncore, 412 Mass. 1013, 1014 (1002) (rescript) (credibility is for the fact finder, not the appellate court.) The court looked elsewhere for evidence on the issue of “keepership” and found it in the testimony of McDuffy who begrudgingly admitted that Phillips sometimes walked the dog, fed it and was alone with it on many occasions. Even Phillips was forced to admit that he sometimes fed the dog by throwing it scraps. And while it is not dispositive of the issue of “keepership,” it is worth observing that the dog resided on the same premises as Phillips for ten years. Compare O’Donnell v. Pollock, 170 Mass. 441, 444 (1898) where the Court held that one who harbors a dog for a short period of time is not liable as a keeper under all circumstances. This court also notes what may be an admission of Phillips when asked why he put a sign on his door warning people of Dixie’s presence in his home; his response, “Why, because I have a dog....” See Miallet, infra, 89, 90 where the court upheld a finding of “keepership” by a jury where the only evidence was a conversation with defendants who told a complaining party to mind his own business that, “they would take care of their own dog.” Further, there was evidence of at least one incident in 1990 when Phillips took control of the dog after it engaged in a fight with another dog.
There is no litmus test for determining when a person is deemed to be a “keeper” under M.G.L.c. 140, §155. In Salisbury, supra, which is a consolidation of two cases,[5] the court ruled in part one of its decision (Perillo) that there was enough evidence of “keepership” to go to a jury where a woman, while visiting her sister, attempted to take her sister’s dog outside and was injured when the dog bolted from her grasp. In the second part of its decision (Salisbury) the court found that a veterinary technician who had temporary custody of a dog was a “keeper,” as a matter of law.
While there is no precise definition of “keepership,” the court has offered some guidance, usually leaving the ultimate decision up to the finder of fact. See Boylan, supra, at 457 (mere fact that property owners fed and cared for a dog and exercised some control over it did not require a finding that they were keepers and *159 matter should be submitted to jury); or Siira, supra (fact question presented concerning whether or not seventy-three year old housekeeper who was walking a dog for her employer was its keeper). Compare Brown v. Bolduc, 29 Mass. App. Ct. 909 (1990) where the court upheld a directed verdict determining that the parents of a dog owner were not keepers simply because they owned, but did not live at, the property where their adult child and the dog resided, the parents having only occasional contact with the animal when they visited; and McRae v. Silver, 1999 Mass. App. Div. 18, where the court held there was insufficient evidence to find that a father who was walking his son’s dog was its keeper.
In reaching his findings, this trial judge looked to the credible evidence placed before him. In addition, as permitted, he drew a reasonable inference that over a ten-year period, while Phillips lived with his girlfriend and her young child, he exercised management and control of this animal on a number of occasions, in addition to what had been reported, sufficient to qualify him as a co-keeper. Maillet v. Mininno, 266 Mass. 86, 89 (1929). A review of the evidence supports such an inference and supports the conclusion that Phillips could reasonably be found to be Dixie’s co-keeper.
We affirm the findings of the trial court and dismiss defendant’s appeal.
So ordered.

 M.G.L.c. 140, §155, as amended, provides in relevant part: “If any dog shall do any damage to either the body or property of any other person, the owner or keeper ... shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog....”

 The court may have mistakenly used the word “acquiring,” when it meant to use the word “acquiescence.” See Boylan, supra, at 457.

 The word “for” is probably a typo for the word “or.”

 This court agrees with defendant’s contention that the record is devoid of evidence that the defendant was the owner of the dog. The question before us is whether or not sufficient evidence was introduced to support the finding of “keepership.”

 Salisbury v. Ferioli, No. 98-P-1794 and Perillo v. Cameron, No. 99-P-209.