### CUMMINGS *v.* RILEY.

In an action brought under section 8 of chapter 105, Gen. Stats., to recover of the owner or keeper of a dog double damages for an injury inflicted upon the plaintiff by such dog, the court, among other things, told the jury that " if the head of a family, having the possession and control of a house or premises, suffer or permit a dog to be kept on the premises in the way such domestic animals are usually kept,—as a member of the family, so to speak (in so far as a house dog may be termed a member of one's family),—such head of a family may be regarded the keeper of a dog, within the meaning of the statute." *Held,* that these instructions were sufficiently favorable to the defendant.

DEBT, brought by Ann Cummings against Michael Riley, under section 8, chapter 105, Gen. Stats., to recover for an injury to the person of the plaintiff, occasioned by the bite of a dog alleged to be owned and kept by the defendant.   There was evidence tending to show that the offending animal was the property of a son of the defendant, though it appeared to have been harbored and kept by somebody on the defendant's premises : and it was one of the questions left to the jury, whether the defendant was the keeper of the dog.   As to what would constitute one the keeper of a dog, the court, among other things, told the jury that if the head of a family, having the possession and control of a house or premises, suffer or permit a dog to be kept on the premises in the way such domestic animals are usually kept,—as a member of the family, so to speak (in so far as a house dog may be termed a member of one's family),—such head of a family may be regarded the keeper of a dog within the meaning of the statute.

To these instructions, after verdict for the plaintiff, the defendant excepted, and filed his bill of exceptions, which was allowed and signed by the court; and the questions of law arising thereupon were thus brought before this court for decision.

*Wheeler & Faulkner,* for the plaintiff.

*Hardy,* for the defendant.

FOSTER, J. The decision of this case calls for a construction of the term " keeper of a dog," as used in section 8, chapter 105, General Statutes.

The defendant claims that the dog, which, it is said, was the property of his son, was not owned or kept by the defendant, but was only harbored and suffered to remain upon his premises ; and the argument is, that if, in such a case, the defendant is to be held liable for injuries committed by the dog, " then every person who keeps boarders for pay, and suffers or permits such boarders to have or keep on his premises a dog in the way such animals are usually kept, is a keeper of such dog."

But this conclusion is not a logical consequence from the proposition stated by the court in the carefully guarded, but plain and explicit, instructions to the jury.

The party who shall be held responsible for an injury committed by a dog must be,—not one who harbors a dog and permits it to remain temporarily upon his premises, in the manner suggested by the defendant : he must be in a different sense the keeper of the dog ;—and, under the instruction of the court, he only is liable who, " having the possession and control of a house or premises, suffers and permits a dog to be kept on the premises in the way such domestic animals are usually kept,—as a member of the family, so to speak."

The instructions were extremely favorable to the defendant. The jury could not have found him guilty, if they had found, from the evidence, that the defendant merely harbored the dog ; but they must have found that the defendant kept and considered him as a member of the family.

The facts of the case are certainly not more favorable to the defendant than those presented by *Barrett* v. *The Malden & Melrose Railroad Co.*, 3 Allen 101, cited by the plaintiff,—in which the court gave a construction to the Massachusetts statute, which is identical in language with our own except in the form of the remedy prescribed for the injured party. There the court treat the word " keeper" as equivalent to the expression " the person who harbors," saying,—" As it would in many cases be difficult to prove that any person had property in the animal, the law holds the person who harbors him responsible for the damage he may do while in his custody or control." In that case, it appeared that the dog doing the injury complained of belonged to a butcher in the vicinity of the defendants' stable, who was temporarily absent ; that he had been about the stable three or four weeks,—was frequently seen about there ; sometimes followed the cars ; sometimes followed one Holbrook, a conductor upon the defendants' cars, and was following the cars at the time of the injury ;—and upon this evidence, the court refused to disturb the verdict of the jury rendering the defendants liable as keepers of the dog.

In the case now before us, it would seem to be immaterial whether the defendant's son was a minor or not, and whether he was the owner of the dog or not. His father was the head of the family in which the

dog was kept. He had absolute control of the premises, and he had the power to expel the dog and its owner; instead of which he suffered the dog to remain, as a member of his family.

The finding of the jury is conclusive of the fact that the defendant was, in the strictest and most unequivocal sense, the keeper of the dog.

We do not understand the language of the court as furnishing or intending to furnish a legal definition of the term "keeper of a dog," but merely as furnishing an illustration which should assist the jury in their duty of deciding, as a question of fact, whether, in all the circumstances of the case, the defendant was in reality the keeper of the dog.                              *Exceptions overruled.*