GEORGE W. GALVIN *vs.* MARY A. PARKER.

Suffolk.        March 5, 1891. — September 3, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Dog* — " *Owner or Keeper* " — *Several Liability* — *Election.*

Under the Pub. Sts. c. 102, § 93, making the "owner or keeper" of a dog liable for injuries caused by it, the owner and keeper are not jointly and severally liable as tortfeasors; and, after the recovery of a judgment for such an injury

against one of them, which remains unsatisfied by reason of his taking the poor debtor's oath, an action cannot be maintained against the other for the same injury.

TORT, to recover damages for injuries resulting from the bite of a dog. Trial in the Superior Court, without a jury, before *Bishop*, J., who refused to rule that the plaintiff, having obtained judgment against the owner of the dog for the same injuries, was precluded thereby from recovering against the defendant as keeper, and found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in March, 1891, and afterwards was submitted on the briefs to all the judges.

*J. Cummings*, for the defendant.

*F. A. Farnham*, for the plaintiff.

MORTON, J. This is an action brought under the Pub. Sts. c. 102, § 93, for injuries received from a dog. The plaintiff contends that the owner and keeper are jointly or severally liable, and that having sued the owner and obtained a judgment which is still unsatisfied by reason of the defendant in that action having taken the poor debtor's oath, he can, under *Elliott* v. *Hayden*, 104 Mass. 180, sue the defendant as keeper, and, if he obtains judgment, collect it. The provision of the statute is, that " every owner or keeper of a dog shall forfeit to any person injured by it double the amount of the damage sustained by him." The language, it will be observed, is " every owner *or* keeper " (the Italics being our own), and an examination of the other provisions of c. 102 relating to dogs shows that the same phraseology is carefully preserved in all of them where owner and keeper are spoken of. Thus in § 80, which relates to licensing, the words are " every owner or keeper." The lists which assessors are required to make out are of " owners' or keepers' names " (§ 89). The provision in regard to the killing of a dog that is assaulting a person or worrying certain animals speaks of " its owner or keeper," and so on (§§ 94, 95). See §§ 96, 97, 103, 106, and 109. An examination of earlier statutes shows the uniform use of the same language. Gen. Sts. c. 88, § 59. Rev. Sts. c. 58, § 13. St. 1791, c. 38. St. 1798, c. 54, § 3. St. 1812, c. 146, § 3. We can but think that this strict adhesion for so long a time to the phrase indicates a purpose on the part of the Legis-

lature not to make the owner and keeper jointly or severally liable, or both jointly and severally liable.

When the Legislature seeks to make parties jointly or severally liable, or both, it uses apt words for that purpose, as in the Pub. Sts. c. 100, § 21, where it expressly provides that certain persons shall be " liable severally or jointly " with certain other persons.    On the other hand, it does not seem probable that the Legislature, when it provided that the " owner, tenant, or occupant " of a gaming house should be liable to an action, intended without anything more a joint or several or successive liability. Pub. Sts. c. 99, § 2.    The statute enlarges the liability of the owner or keeper of a dog, and renders it unnecessary for the plaintiff to show that the dog was dangerous and known to be so ; and it would seem that, if the Legislature had also intended to give the injured party a joint or several remedy against the owner and keeper, it would have said so.    The fact that this appears to be the first instance in which the liability now asserted has been claimed, would also appear to give some force to the construction which we adopt.

The object of the statute would appear to be to give to the injured party a remedy against the owner or keeper, but not against the owner and keeper jointly or severally, or to make them liable as independent wrongdoers, the owner for owning and the keeper for keeping the dog.    If the injured party is in doubt on the question of ownership, he may bring his action on the other ground, namely, of keeping ; but having decided which party to pursue, he cannot after judgment obtained against one, in case he fails to collect his judgment, resort to the other.    This is no more of a hardship to him than it is to any party to be compelled to elect between different remedies.    If it should seem desirable to make the owner and keeper liable jointly and severally, or severally, it is easy for the Legislature to do it.

*Exceptions sustained.*