LILLIAN MAILLET *vs.* AGOSTINO MININNO & another.

Suffolk.    November 9, 1928. — January 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Dog. Practice, Civil,* Judge's charge. *Evidence,* Admission, Presumptions and burden of proof. *Waiver.*

It *was stated,* that, if, in a declaration in an action of tort against two persons for injuries resulting from the bite of a dog, it is alleged that "the defendants were the owners or keepers" of the dog, a demurrer to the declaration should be sustained.

No demurrer was filed to a declaration of the character above described, and, at the trial, there was evidence warranting a finding that both defendants were both owners and keepers of the dog. A motion for a verdict for the defendants was denied, and there was a verdict against both defendants. *Held,* that the motion properly was denied and the verdict was warranted.

At the trial above described, the judge instructed the jury that both defendants must be found to be jointly the owners or jointly the keepers of the dog; that it would not be enough to find one an owner and one a keeper; and further pointed out that the mere presence of the dog on the premises where defendants lived, or acquiescence in its presence, was not enough to show ownership or keeping, but that harboring of the dog with an assumption of custody, management and control was evidence of keeping even if not of ownership. *Held,* that the instructions were proper.

From the reading of the entire charge to the jury at the trial above described, it was *held,* that the judge did not intend the jury to think that he was telling them what conclusion they must reach.

There was evidence at the trial above described that the dog had been about the premises of the defendants to their knowledge, and the plaintiff's father testified that, in consequence of a former occurrence, he had gone to the home of the defendants and had spoken to them about the dog which bit the plaintiff and which was then present in the house; that both defendants were present; that the plaintiff's father asked that the dog be locked up as it was a nuisance and "had been jumping on the children"; that both defendants, speaking through one of them, told him to mind his own business, they would take care of their own dog. The judge denied a motion that a verdict be ordered for the defendants. There was a verdict for the plaintiff. *Held,* that the motion properly was denied and that the evidence warranted a verdict for the plaintiff.

TORT for injuries resulting from a bite of a dog. Writ dated January 26, 1923.

In the Superior Court, the action was tried before *Gray*, J. Material evidence and exceptions saved by the defendants are stated in the opinion. That portion of the judge's charge which related to the effect of the conversation between the plaintiff's father and the defendants was in substance as follows:

"Now, the only evidence that has been presented that would warrant you in finding the defendants were the keepers of this dog, is the evidence given by the plaintiff's father, the conversation that he claims he had with them, which you recall he stated to you. The other evidence in the case, as matter of law, is insufficient to show the defendants to be the owners and keepers, or keepers, and if that was all you had, and if you did not have this conversation, evidence of this conversation, it would be my duty to direct a verdict for the defendants on the ground that there was a failure as to the proof of ownership, or that the defendants were the keepers of the dog. But you do have this conversation, and having evidence of the conversation your problem, then, is first to decide whether this conversation did actually take place, as the plaintiff's father said it did. If you find it did, you will inquire whether under all the circumstances the presence of the dog there (if you find it was there) and all the other evidence in the case, I say you will then inquire whether in the light of all the other facts which have been presented, you are warranted in finding the defendants were keepers of the dog. . . . You will decide which of the two are the more convincing. The plaintiff must satisfy you that the conversation took place, or the plaintiff has no case. If, on all the evidence you shall say that no conversation took place, you will find for the defendant; if, on the other hand, you find the father's statement, in detailing that conversation now, after five years, satisfies you it did in substance take place, and if you say the denial which has been made by these defendants is not so firm and conclusive that you believe it, if you believe the father of the plaintiff, then you will inquire if in the light of all the circumstances, it amounted in your minds to an admission on the part of these two defendants that they were the joint owners or

keepers of the dog, when they used this language, if you find they did use it, as the plaintiff's father says: 'They told me to mind my own business, they would take care of their own dog.'

"Now, gentlemen, did that conversation take place? That is the whole nub of this case. That is a question of fact. Here we have the plaintiff's father on the one side, and the two defendants on the other side. You have seen them all, you have sized them all up, and you will decide upon all the evidence, which is the more convincing to you. If you are not satisfied by the weight of the evidence that that conversation took place you will find for the defendant. If you are satisfied that it did, you will then reach the question of damages."

There was a verdict against both defendants in the sum of $500. The defendants alleged exceptions.

*W. W. Clarke*, for the defendants.

*R. S. Spatz*, for the plaintiff.

WAIT, J.   The plaintiff was bitten by a dog.   G. L. c. 140, § 155, provides: "The owner or keeper of a dog shall be liable in tort to a person injured by it in double the amount of damages sustained by him." She brought action, thereunder, against Agostino Mininno and his wife Rachele; and declared against them in one count alleging that "the defendants were the owners or keepers" of the dog.

Had the defendants demurred, such a declaration must have been declared to be bad. It was decided in *Galvin* v. *Parker*, 154 Mass. 346, that the owner and the keeper of a dog are not liable jointly and severally as tortfeasors under that statute; that an election must be made to sue either the owner or the keeper; and that, if a judgment were obtained against one, no suit against the other could be maintained even if the judgment remained unsatisfied.

The defendants, however, did not demur. They filed a joint answer of general denial; and went to trial where the plaintiff sought to prove that the defendants jointly were both owners and keepers of the dog. When the evidence was all in, the defendants moved for a directed verdict in their favor, contending that recovery could not be had under

the declaration charging them as "owners or keepers" of the dog. The motion was denied; and after verdict for the plaintiff against both jointly, the defendants allege error in the denial. It is obvious that the decision in *Galvin* v. *Parker, supra,* does not deal with a case where the owner is also the keeper of the dog. If owner and keeper are one, it is immaterial whether the declaration charges ownership or keeping, or both. Having gone to trial without demurrer, the defendants cannot complain at being held liable if evidence, admissible under the declaration, discloses facts which establish liability. *Murphy* v. *Russell,* 202 Mass. 480. Here if Agostino and Rachele jointly were both owners and keepers of the dog, a liability would be established. There was an issue of fact for the jury. The judge, therefore, could not direct a verdict. There was no error in denying the motion.

Nor was there error in the parts of the charge to which exceptions were taken. The judge carefully instructed the jury that both defendants must be found to be jointly the owners or jointly the keepers of the dog; that it would not be enough to find one an owner and one a keeper. We see no possibility of misunderstanding on this point, and we must assume that the jury followed the instructions. He was right in pointing out that the mere presence of the dog on the premises where defendants lived, or acquiescence in its presence, was not enough to show ownership or keeping, but that harboring with an assumption of custody, management and control of the dog was evidence of keeping even if not of ownership. See *Boylan* v. *Everett,* 172 Mass. 453.

We think the jury could not have understood the charge to mean that, if they found that the conversation later to be dealt with took place, they must find the defendants liable. The judge had already instructed them that it was for them to pass upon the meaning of the conversation, and the inferences to be drawn from it on the issues of keeping and of ownership. It is manifest that he did not intend them to think that he was telling them what conclusion they must reach.

The only evidence which would warrant finding the defendants jointly either keepers or owners of the dog, as the judge ruled correctly, was a conversation which the plaintiff's

father testified had taken place, but which the defendants both denied under their oaths as witnesses. This evidence was admitted properly. The father testified that, in consequence of a former occurrence, he had gone to the home of the defendants and spoken to them about the dog which bit the plaintiff and which was then present in the house. The jury could find that both defendants were present and that, speaking through the wife, when the father asked that the dog be locked up as it was a nuisance and had been jumping on the children, they told him to mind his own business, they would take care of their own dog.

Manifestly this evidence, whatever its weight, was competent on the issue whether the defendants owned the dog, and were keeping it. There was other evidence from which the jury could find that the dog had been about the premises of the defendants to their knowledge.

We find no error in the rulings or instructions excepted to. With the findings of fact we have no authority to interfere.

*Exceptions overruled.*