RALPH MAGLIO, JR., *vs.* WILLIAM LANE.

Suffolk.    April 4, 1929. — June 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Findings by judge.   *Dog.   Negligence,* Due care of child, Due care of person in charge of child.

A judge of a district court cannot be required to make findings of fact in writing following the trial of an action unless it be necessary in view of the issues and rulings of law requested.

In an action of tort in a district court for personal injuries sustained through the bite of a dog, the declaration contained several counts, some alleging a bite on a certain day and others a bite on another day. There was evidence warranting a finding for the plaintiff upon each of the counts.   The trial judge refused rulings requested by the defendant that the plaintiff could not recover upon any of the counts and found for the plaintiff in a certain sum "for one attack by dog."   *Held,* that there was no error of law in the general finding for the plaintiff.

At the trial of the action above described, it appeared that the plaintiff was a boy two years of age and there was evidence that on the first occasion the dog bit him when he was walking on the street with his mother; that two days later the mother took the plaintiff to the defendant's home; that as they approached it the dog was on the steps barking; that the mother left the plaintiff on the sidewalk and went up the steps; and that the dog ran down the steps and again bit the plaintiff.   *Held,* that

(1) The plaintiff was too young to exercise care for his own safety;

(2) It could not rightly have been ruled as a matter of law that the mother was guilty of negligence in leaving the plaintiff on the sidewalk on the second day;

(3) A finding for the plaintiff was warranted.

TORT.    Writ in the Municipal Court of the City of Boston dated November 17, 1927.

The declaration, material evidence at the trial in the Municipal Court and findings by the trial judge are described in the opinion. He found for the plaintiff in the sum of $100 and reported the action to the Appellate Division. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*G. F. Mitchell & J. D. Goldberg*, for the defendant.

*M. Goldstein & C. Goldstein*, for the plaintiff.

Rugg, C.J.   This is an action of tort whereby the plaintiff, at the time a child under two years of age, seeks to recover damages alleged to have been received from the bite of a dog. The substitute declaration upon which the case was tried contained four counts; one charged the defendant as owner, the second, as keeper, of the dog which bit the plaintiff on October 26, 1927; the third and fourth contained similar charges for a bite on October 28, 1927.   There was testimony from the mother of the plaintiff tending to show that, as the two were walking on the street on October 26, the dog of the defendant bit the plaintiff.   There was also testimony from the mother that on October 28 she went with the plaintiff to the home of the defendant, that the child was left on the sidewalk while she went up the steps and was talking with the wife of the defendant, and that the dog ran down the steps and knocked the child down and bit him.   She also testified that, as she approached the house of the defendant, the dog was on the steps and started barking and would not let her up the steps and she left the baby on the sidewalk. The testimony of another witness tended to corroborate that of the plaintiff's mother as to the occurrences on October 28, although there was other testimony tending to contradict this.   The defendant testified that he was the owner, and apparently he was also the keeper, of the dog.   At the close of the evidence, the defendant requested "findings and rulings" in several forms of words to the effect that the plaintiff could not recover upon any one of the several counts.   All of these were denied.   The finding was for the plaintiff "in the sum of $100 for one attack by dog."

The judge was not required to make findings of fact in

writing. He could not be required to do so by requests to that end. The only obligation resting on him was to pass upon pertinent requests for rulings of law and to decide the case. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494, 495. This principle, although hitherto declared with respect to judges of the Superior Court trying cases or deciding motions without a jury, is equally applicable to judges of district courts. Not infrequently it may be convenient for the information of the parties, and sometimes it may be necessary in view of the issues and requested rulings of law, to state some findings of fact; but this is not a case of that nature.

No one of the defendant's requests for rulings and findings could have been granted as matter of law because there was evidence tending to support all the counts. *Maillet* v. *Mininno,* 266 Mass. 86. The circumstance, that apparently the judge did not credit the testimony tending to show bites upon the plaintiff by the dog on two separate occasions, was not a ruling of law but a finding of fact.

There was evidence tending to show due care on the part of the mother of the plaintiff, he being too young to exercise care on his own behalf. It could not rightly have been ruled as matter of law that there was contributory negligence in leaving the child on the sidewalk while the mother walked up the steps in the face of a barking dog. It reasonably may have been regarded as safer in all the circumstances to leave the child on the sidewalk than to take him up the steps with her. The mother may well have thought that the dog was barking at her and that the attention of the dog thus was diverted from the plaintiff.

There was no error of law in a general finding for the plaintiff, although the judge by plain implication, if not in express words, found that there was but one injurious attack upon the plaintiff by the dog. It would perhaps have been more satisfactory if the finding had been specific as to the count upon which the plaintiff was entitled to recover. A general finding for the plaintiff without anything more would not have been erroneous in law. The rule of *Farr* v. *Whitney,* 260 Mass. 193, 197, and cases there cited, to the effect that,

where there has been an erroneous ruling of law as to one or more counts and a general verdict or finding, the exceptions must be sustained, has no relevancy to the case at bar, because no erroneous ruling of law was made. The finding as made, when the case has gone to judgment, will be a complete bar to any new action against the defendant for all the causes of action set out in the several counts of the substitute declaration.

*Order dismissing report affirmed.*