Briggs, J.
This is an action of contract with a declaration in two counts, the first to recover $28.50 according to an account annexed, and the second based upon a written contract for the purchase of one electric clock, the balance claimed to be due thereon being $28.50. Both counts are for the same cause of action. The answer is a general denial; allegation of payment; that the goods delivered were not in accordance with the sample shown and the orders given by the defendant; and that the goods arrived in a broken and damaged condition.
The only witness on behalf of the plaintiff was the defendant whom the plaintiff called. The defendant testified, on direct examination, that on August 11, 1936, a salesman for the plaintiff called on him at his place of business and showed him a clock; that as a result of a conversation between them the defendant signed the instrument which was presented to him by the salesman and paid the salesman the sum of one1 dollar on account thereof.
Thereupon the plaintiff introduced in evidence the original contract, a copy of which was annexed to its declaration.
The defendant further testified on direct examination that a few days after August 11,1936 the plaintiff delivered an electric clock to the defendant at his place of business through some man who was not the salesman and whom he had never seen before; that the said clock has been in the defendant’s possession from the date of its delivery to the present time; that he has paid nothing further on the purchase price of said clock.
The defendant’s counsel thereupon examined the defendant and asked the following question: “What was the conversation between you and the salesman at the time that *391 you entered into this written contract of August 11,1936?” The plaintiff duly objected to the allowance of this question. The objection was overruled and the plaintiff duly requested a report, whereupon the defendant answered that the salesman told him that he would have the defendant’s name printed on the face of the clock in gold lettering instead of the black lettering, and that the defendant replied that that was satisfactory to him and that he would purchase the clock, and that he thereupon signed the contract.
During the examination by his counsel, the defendant further testified that three or four days after August 11, 1936, a man who said he was from the plaintiff came to his place of business and delivered a clock to him; that he examined the clock and it was exactly the same as the sample of the clock shown to him on August 11th by the salesman except the defendant’s name was printed on the face of the clock in black lettering and not gold lettering. The defendant was thereupon asked by his counsel, “What talk did you have with the man who delivered the clock?” The plaintiff duly objected to this question. The objection was overruled and the plaintiff duly requested a report. The defendant thereupon answered that he told him that he did not want the clock since it did not contain the gold lettering; that thereupon this man put the clock down hard and heavily in a corner of the store and left the premises. The defendant further testified that the clock was in a cardboard box when it was delivered; that about half an hour after the man who delivered the clock left the store, the defendant looked at the clock again and found that the face of the clock was cracked and broken. The defendant thereupon showed the court the clock which he testified was in the same condition at the trial as it was when it was delivered. The clock as shown to the court was in a damaged condition in that the face of it was broken.
*392 The plaintiff duly filed the following requests for rulings, which were denied:
2. As a matter of law the evidence is sufficient to warrant the court in finding that the plaintiff has failed to comply with Gk L. c. 181, §3.
4. This court is bound to take judicial notice of the laws of the State of New York.
7. As a matter of law the court must take judicial notice of the laws of the State of New York which declare
(1) that the Secretary of State is the keeper or custodian of the corporation records ;
(2) that he may appoint a deputy who may perform all the duties of the Secretary of State;
(3) that the Secretary of State shall have custody of the seal of New York;
(4) that there must be filed in the office of the Secretary of State a certificate of incorporation.
Laws of New York, c. 18, §§20, 21, 22, 26, 28. Laws of New York, c. 58, §73. Laws of New York, c. 60, §5. Laws of New York, c. 24.
10. As a matter of law the evidence is insufficient to warrant the court in finding for the defendant on the ground that either
A. The plaintiff is not a duly organized corporation, or
B. That if it is a New York corporation, it has failed to comply with Gr. L. c. 181 §3.
11. As a matter of law, on the pleadings, the evidence is insufficient to warrant a finding for the defendant.
12. As a matter of law the written contract embodies all the terms of the agreement between the parties.
14. Unless the defendant notified the plaintiff within a reasonable time from the date of delivery of the fixture to him of his election to rescind and unless he returned or offered to return the fixture to the plaintiff, then the defendant is not entitled to rescind the contract, and the plaintiff is entitled to recover in this action the balance of the contract price.
15. The retention of the fixture by the defendant from the date of delivery to him to. the present time *393 without returning or offering to return it to the plaintiff, precludes the defendant from rescinding the contract, and the plaintiff is entitled to recover the balance of the contract price.
16. The word “offer” in G. L. Ch. 106, §58, cl. 3, is synonymous with the word “tender,” and the evidence of tender or offer of tender is insufficient in law as a compliance with said statute.
18. As a matter of law the evidence is insufficient to show that the defendant complied with the provisions of G. L. Ch. 106, §58, cl. 3, and the plaintiff is entitled to recover in this action the balance of the contract price.
19. As a matter of law the evidence is insufficient to warrant the court in finding or ruling that the plaintiff did not deliver to the defendant the fixture which is the subject matter of the contract.
20. As a matter of law the evidence is insufficient to warrant the court in finding or ruling* that the defendant did not receive or accept the fixture which is the subject matter of the contract.
The Court found for the defendant and the plaintiff claiming to be aggrieved by the refusal of the Court to give these rulings, and to the admission of the question “What was the conversation between you and (the) salesman at the time that you entered into this written contract of August 11, 1936?”, and to the question, “What talk did you have with the man who delivered the clock?” bring this appeal.
The Court made the following findings of fact:—
“The plaintiff was a foreign corporation, having a place of business in the City of Boston, and not being registered under Mass. Gen. Laws Ch. 181, §3.
That on or about August 11, 1936, some person representing himself as a salesman called at the defendant’s place of business in Stoughton and solicited his order for a clock, presenting a sample to the defendant for his inspection. That the said sample clock was made of glass, with neon tubes attached, and a name painted in black on the face of the clock. That after *394 some discussion the salesman offered to sell a similar clock to the defendant, with the defendant’s name painted in gold on the face of the clock, and to install the clock in the defendant’s place of business for the sum of $29.50, and the defendant accepted that offer and paid $1 on account.
The plaintiff introduced in evidence a printed instrument, a copy of which is attached to the plaintiff’s declaration, and which is here incorporated by reference. The defendant identified his own signature on the instrument, and while another signature appeared on this instrument, evidently that of two persons with the sign ‘&’ between them, and following the printed word ‘salesman’, it did not appear who had signed and whether or not they were authorized to bind the plaintiff corporation, I find that at the most this instrument was only some evidence of an order and did not contain the entire agreement of the parties.
At some time shortly after the giving’ of the order some person representing himself as a member of the plaintiff corporation, brought a clock to the defendant’s place of business and presented it to the defendant for inspection. The defendant examined the clock and refused to accept it alleging that it was not in accordance with his order by reason of the fact that his name was painted in black instead of in gold; that the person attempting to make delivery thereupon threw the package containing the clock violently to the floor, told the defendant that he must accept and pay for the clock or he would be brought to court, and then left the defendant’s store. The clock itself was introduced as an exhibit by the defendant and was broken so badly as to be useless. I find that this breaking was caused when the plaintiff’s representative threw it to the floor.
I find that on all the evidence the plaintiff has not sustained the burden of showing that the goods delivered corresponded to the sample and description and that the defendant was justified in refusing to accept them.”
It is clear from the findings of fact by the Court that the allowance of the. defendant’s motion to amend his answer, *395 and the denial of requests numbered 2, 4, 7, and 10 were not prejudicial error.
Bequest numbered 12 is based upon an assumption that the instrument signed by the defendant was a contract. The Court finds that it was not — that it was only some evidence of an order and did not contain the entire agreement of the parties. It did not appear that anyone with authority signed the instrument on behalf of the plaintiff. The request was based on a factual premise which the Court was not bound to find. The evidence warranted the finding of the Court. The plaintiff could not recover under the second count of his declaration. Shattuck vs. Eldredge, 173 Mass. 165, 168; Hooper vs. Cuneo, 227 Mass. 37, 40; Maglio vs. Lane, 268 Mass. 135, 136.
Bequests numbered 14, 15, 16, 18, 19, and 20 need not be considered separately since all are involved in request numbered 11; namely, that as a matter of law, on the pleadings, the evidence is insufficient to warrant a finding for the defendant. Full findings of fact were made, which if warranted by the evidence must control. The general finding of the trial court imports the drawing of all rational inferences of which the case is susceptible and the finding of all necessary subsidiary facts. That finding will not be reversed if upon any view of the evidence it can be sustained. It is not the function of this Court to pass upon the weight of the evidence. Moss vs. Old Colony Trust Co., 246 Mass. 139; Adams vs. Dick, 226 Mass. 46.
It is undisputed that the defendant specified and ordered a clock with the name of the defendant printed on its face in gold letters. The clock that was brought by the alleged agent of the plaintiff to the defendant for inspection had his name in black letters. This was not a fulfillment of the specifications of sale. When because of this the defendant refused to accept the clock the person attempting to make *396 delivery threw the clock violently to the floor and it was so badly broken as to be useless. The defendant was not bound to accept it. This and other evidence warranted the Court in finding as it did find, that on all the evidence the plaintiff did not sustain the burden of showing that the clock presented to the defendant corresponded to the sample and description of the clock ordered. The evidence did not compel a finding for the plaintiff on either count and there is ample evidence to support the finding of the Court.
By bringing this action the plaintiff assumed the burden of showing a performance of his obligations as a prerequisite to recovery. It was for the Court to say as a fact on all the evidence whether it did so. There was no prejudicial error in the admission of the evidence objected to by the plaintiff. Stoops vs. Smith, 100 Mass. 63.
The order must be.
Report dismissed.