Wilson, J.
This is an action of contract originally in two counts. Count 1 was for services rendered in adjusting a fire loss on premises of the defendant. Count 2 was for additional services rendered and materials furnished in making emergency repairs upon said premises. At the time of the trial, the trial court allowed the plaintiff’s motion to amend the declaration by adding a third count thereto, which count was for services rendered in appraising the damage caused by the fire.
The defendant objected to the allowance of the amendment and seasonably requested a report.
This claim of error has not been argued by the defendant orally or in his brief and may, therefore, be deemed to-be waived. Commonwealth v. Dyer, 243 Mass. 472, 508.
The allowance of such an amendment has been held repeatedly to be within the discretion of the trial court* General Laws (Ter. Ed.) eh. 231, §§ 51-55; Gallagher v. *353 Wheeler, Mass. Adv. Sh. (1935) 2615, and cases cited; Buchloz v. Green Bros. Co., 290 Mass. 351, 353, 355.
The defendant’s motion to amend his answer was presented to the judge presiding at the calling of the list who denied this motion, to which the defendant objected but did not file any claim of report. Because of his failure so to do, he cannot now be permitted to claim to have been' injured thereby.
The trial judge found for the plaintiff on the second and third counts.
■ The testimony was conflicting, but upon its aspect most favorable to the prevailing party on the second count' there was ample evidence to support the finding made by the trial judge.
Such findings present no question of law for review. Engel v. Checker Taxi Co., 275 Mass. 471; State Street Trust Co. v. Lawrence Mfg. Co., 284 Mass. 355; Dolham v. Peterson, Mass. Adv. Sh. (1937) 1021.
The defendant’s requests numbered 1 and 11 were properly denied.
Bequests numbered 7, 8 and 9 were properly denied. They were requests for findings of fact based upon a portion only of the evidence. Dolham v. Peterson, Mass. Adv. Sh. (1937) 1019, 1021; Maglione v. Lane, 268 Mass. 135; Castano v. Leone, 278 Mass. 429, 431; Hicks v. New York, New Haven & Hartford Railroad, 164 Mass. 428; Liggett Drug Company Inc, v. License Commissioners, Mass. Adv. Sh. (1936) 2127, 2138; Smith v. Import Drug Co., 253 Mass. 368, 371.
Bequests numbered 2, 3, 4, 5, 6 and 10 are predicated upon the first count of the declaration and' called the' attention of the trial judge to the restriction upon the practice of law and upon acting as an adjuster of fire losses. Aill said requests are now inapplicable because the trial judge *354 expressly based his finding upon count 3, which is for appraising the loss.
By General Laws (Ter. Ed.) ch. 175, s. 162, an adjuster of fire losses is defined as “one who directly or indirectly solicits from the insured .... the settlement of a loss under a fire insurance policy.” The penalty for so acting, without being duly licensed is provided by section 172.
It seems to us that the prohibition so imposed is upon soliciting the settlement from the insured.
In the instant case the trial court expressly found that “the plaintiff without solicitation by him was authorized by the defendant” to act. In. our opinion the acts of the plaintiff do not violate the provisions of the statute referred to. Nor do we think the acts of the plaintiff constituted the practice of law within the prohibition created by General Laws, ch. 221, § 46A.
In the matter of The Shoe Manufacturers Protective Assn. Inc., Mass. Adv. Sh. (1936) 1747, 1749, the court, commenting upon the difficulty of framing a definition of what constitutes the practice of law, said:
“But at least it may be said that in general the practice of directing and managing the enforcement of legal claims and the establishment of the legal rights of others, where it is necessary to form and to act upon opinions as to what those rights are and as to the legal methods which must be adopted to enforce them, the practice of giving of furnishing legal advise as to such rights and methods and the practice, as an. occupation, of drafting documents by which such rights are created, modified, surrendered or secured are all aspects of the practice of law.”
So far as appears from the record in the instant case, it could not have been found that the plaintiff in any manner held himself out as authorized, entitled, competent, qualified or able to practice law or that his action was any more *355 than an isolated case of assisting the defendant, at the solicitation of the defendant, to arrive at the amount of his loss.
Such action falls far short of engaging in the practice of law “as an occupation” within the meaning of the definition quoted.
It follows from what has been said that the disposition of the defendant’s requests for rulings was without prejudicial error and the report is dismissed.