Tomasello, J.
In an action of contract or tort the plaintiff seeking to recover damages to his automobile while parked ait the parking lot operated by the defendant offered evidence 'tending to show that in November 1941 he purchased a new Oldsmobile automobile and immediately after the purchase became ill and did not use it for sixteen months; that in the performance of his duties as an officer of a Labor Union he drove on an average of eighty to ninety miles per day. On the morning in question he drove the said motor vehicle variably between the hours of 5:45 a. m., until noon making stops at crossings and elsewhere between Boston, Quincy, Hingham and Brookline, arriving at the defendant’s parking lot in Boston about noon, without any brake disturbances, where he turned over the automobile to the attendant. Upon his return to the parking lot at about 2:15 P. M., he asked for his car and was told by the attendant “that the car had been smashed, that he had lost control of it and ran it into a brick wall.” There was no damage to the brakes as a result of this accident and the repairs made did not involve the brakes.
*306 The defendant through the testimony of its parking attendant contended that the plaintiff left his. car in the driveway blocking entrance to the lot, without conversing with him, and left the ignition key in the lock. The parking lot was one hundred feet deep' and down hill. After the plaintiff left'the car the attendant started it and proceeded in low gear at ten miles per hour. He went forward ninety feet down hill and did not apply the brakes until he was ten feet from the end of the lot. Upon applying the brakes they were “like a stone wall” and did not work, whereupon he turned to the right, the emergency brakes likewise not working, and he drove into a concrete wall rather than go over a drop of twenty feet. He was an expert driver and had driven for thirty years, averaging eighty to one hundred cars a day. Upon the return of the plaintiff he was paid thirty cents for the parking, after which he told the plaintiff that his car had been damaged. The defendant denied liability upon the grounds that the damage was caused by the defective condition of the brakes.
The trial judge in finding for the plaintiff denied the defendant’s requests upon which the defendant bases its grievance:
“1. Upon all the evidence, the plaintiff has not established negligence on the defendant’s part, and a finding should be for the defendant. 2. 'That the equipment of the plaintiff’s car was defective. 3. That the defective equipment of the plaintiff’s car contributed in whole or in part to the accident resulting in damage to the plaintiff’s car.”
Requests 2 and 3 are for findings of fact and as such are clearly not reviewable. Castano v. Leone, 278 Mass. 429, 431. Maglio v. Lane, 268 Mass. 135. Duggan v. Matthew Cummings Co., 277 Mass. 445, 450. Palma v. Racz, 302 Mass. 249, 250.
*307 Request 1 is based “upon all the evidence” without sufficient specifications upon which the trial judge might base such a finding, if made, and is contrary to Rule 28 of the Municipal Court of the City of Boston. Holton, et als. v. American Pastry Products Corp., 274 Mass. 268, 270. Wainwright v. Jackson, 291 Mass. 100, 101. Garrett v. McDonough Co., 297 Mass. 58, 60.
There being no question of law properly raised there is therefore nothing for this court to review. Reid v. Doherty, 273 Mass. 388, 389. Baker v. Davis, 299 Mass. 345, 348.
Report dismissed.