Hillsborough
No. 7428

MADELINE GAGNON,
BY HER FATHER AND NEXT FRIEND, LEO GAGNON & a.

v.

CHARLES MARTIN

May 29, 1976

*Emile R. Bussiere* and *Kenneth R. McHugh (Mr. McHugh* by brief and orally) for the plaintiffs.

*Wiggin & Nourie* and *William S. Orcutt (Mr. Orcutt* by brief and orally) for the defendant.

GRIMES, J.    The issue presented by this transfer is whether one injured by a dog can recover under RSA 466:19 against both the "owner" and "keeper" of the animal.

The facts are not in dispute. On March 7, 1973, the plaintiff, Madeline Gagnon, a six-year-old child, was bitten by a dog owned by Edward and Phyllis Lower of Goffstown, New Hampshire. A civil action was commenced against the Lowers as owners of the dog. On July 15, 1974, the Hillsborough County Superior Court approved a petition for minor's settlement, with a total recovery of $29,562.19. The petition recited that the defendants did not have any other significant assets with which to contribute to increase the settlement amount.

Subsequent to this settlement, the plaintiffs, claiming that the injuries have not been fully compensated, brought this action against the defendant alleging that he was "keeper" of the dog under the terms of RSA 466:19. The defendant moved to dismiss the action on the ground that RSA 466:19 requires the plaintiffs to elect whether to sue the owner or the keeper of the dog and that the plaintiffs, having already sued and collected from the dog owners, cannot pursue the action against the defendant as the al-

leged keeper. The Court *(Flynn,* J.) granted the motion to dismiss and transferred plaintiffs' exception.

RSA 466:19 was originally enacted in 1851 and has not been amended substantively since its enactment. That statute reads, "Any person to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in possession, unless the damage was occasioned to him while he was engaged in the commission of a trepass or other tort." Plaintiff contends that the legislature intended the word "or" in the phrase "person who owns or keeps the dog" to be read in the conjunctive so as to allow a plaintiff to sue both the owner and keeper if necessary to receive full compensation for injuries sustained. We disagree and hold that the statute was designed to give the injured party a remedy against the *"person* who owns or keeps the dog" but not against both an owner and a keeper.

If it had been the intent of the legislature to allow recovery as against both, it would have chosen more specific words to accomplish that result. *Galvin v. Parker,* 154 Mass. 346, 28 N.E. 244 (1891); 9 B.U.L. Rev. 212, 214 (1929). Rather, the statute was designed with the realization that it was often a difficult matter to prove ownership of the dog in cases of this type, and in enacting RSA 466:19 the legislature intended to obviate this difficulty of proving ownership. As this court previously announced in construing the statute, "As it would in many cases be difficult to prove that any person had property in the animal, the law holds the person who harbors him responsible for the damage he may do while in his custody or control." *Cummings v. Riley,* 52 N.H. 368, 369 (1872).

*Exception overruled.*

All concurred.