Greco, J.
This is an action to recover for personal injuries sustained on September 12,1991 when the then nine year old plaintiff was bitten by a dog owned by defendant *68 Thomas A LaPointe (“Thomas”). Thomas was a tenant in an apartment building owned by his father, defendant Paul A LaPointe (“LaPointe”), who also resided in a separate apartment in the building. The trial court allowed Paul LaPointe’s Mass. R. Civ. E, Rule 56 motion for summary judgment, and the plaintiff has appealed pursuant to DisL/Mun. Cts. RAD.A, Rule 8B.
In his complaint, the plaintiff advanced two theories as to Paul LaPointe’s liability: first, that he was strictly liable under G.L.c. 140, §155 as a “constructive keeper” of the dog; and second, that even if the statute did not apply, LaPointe was negligent. We affirm the granting of summary judgment in the defendant’s favor as the record indicates that LaPointe demonstrated “by reference to material described in Mass. R. Civ. R, Rule 56(c), unmet by countervailing materials, that [the plaintiff had] no reasonable expectation of proving an essential element of [his] case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. Under G.L.c. 140, §155, “[i]f any dog shall do any damage to either the body or property of any person, the owner or keeper... shall be liable for such damage” unless the party injured “was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.” To recover under §155, a plaintiff need not show that the dog’s “owner or keeper was negligent or otherwise at fault, or knew, or had reason to know, that the dog had any extraordinary, dangerous propensity...” Leone v. Falco, 292 Mass. 299, 300 (1935). Thus the “statute is indifferent to any question of negligence.” Brown v. Bolduc, 29 Mass. App. Ct. 909, 910 (1990).
In support of his motion for summary judgment, LaPointe submitted his own affidavit together with the plaintiff’s complaint, Thomas’ answers to interrogatories propounded by the plaintiff and the plaintiffs answers to interrogatories. In opposition to LaPointe’s motion, the plaintiff filed only the affidavit of his mother. The materials indicate that the following facts were undisputed: Paul LaPointe was the owner of a three story building at 110 South Street in Lynn; there is one apartment on each floor of this building; the three apartments are separate and distinct; Paul LaPointe lived in one of the apartments and rented the third floor apartment to his son, Thomas, and a friend of Thomas; and Thomas owned the dog in question (a fact which the plaintiff alleged in the complaint).
Relevant to the issue of keepership, Paul LaPointe averred that “[his] son trained and cared for the dog,” and that he, himself, “did not have any responsibility for the dog... did not feed, walk, train, or care for the dog” and did not take it to a veterinarian. The plaintiff attempted to counter these averments only with his mother’s statements that “[o]n occasion, [she] saw... [Paul LaPointe and Thomas] in the yard at 110 South Street with the dog” where they “were both involved in interaction with the dog,” and that Paul LaPointe “was constantly seen caring for the dog.”
“It is difficult, of course, to frame a universal definition of keepership, but ‘harboring with an assumption of custody, management and control of the dog’ seems intrinsic to it.” Id. at 910, quoting from Maillet v. Mininno, 266 Mass. 86, 89 (1929). Given such definition, it is clear that the summary judgment materials submitted by the parties herein amply demonstrated that the plaintiff had “no reasonable expectation” of proving that Paul LaPointe was a keeper of the dog. The circumstances in this case are instead similar to those in Brown v. Bolduc, supra, wherein the defendants owned (but did not reside on) the property on which the plaintiff was bitten, paid all utility charges for the property, allowed their daughter (the dog’s owner) to live there rent free and, when regularly on the property to feed horses stabled there, greeted and pet the dog and filled its water pail. The Appeals Court concluded that these facts “advancefd] not at all any claim” that the defendant-parents were the keepers of the dog. Id. at 910.
Nor is that claim advanced by any notion that Paul LaPointe derived an economic benefit from the dog and may thus be considered its keeper. The plaintiff’s *69 argument in this regard is based on LaPointe’s reference in his affidavit to a “Beware of Dog” sign on the premises which had been posted before his son rented the apartment and at a time when LaPointe owned a dog which he kept on the premises “for security reasons.” Even if derivation of an economic benefit would be relevant to keepership, compare Collingill v. Haverhill, 128 Mass. 218 (1880), the presence of the sign in question was not sufficient to raise a genuine issue of fact herein. In no way does the sign suggest an “assumption of custody, management and control” by Paul LaPointe of the dog owned by his son. Moreover, any theoretical benefit (e.g., the deterrence of trespassers) would be so indirect and so highly speculative that it could not form the basis for the plaintiffs recovery herein. Compare Whittemore v. Thomas, 153 Mass. 347, 348 (1891) (issue of fact raised by testimony that the dog kept watch over the defendant’s hogs).
2. The plaintiff fares no better on his negligence claim. The plaintiff alleged in his complaint that the dog “escaped through an open gate” from the defendant’s house and “did chase, attack and bite” him in front of a neighboring house. Thus the incident in question did not even take place on Paul LaPointe’s property. Under such circumstances, LaPointe would stand in the same position as the dog’s owner would have at common law. To recover, the plaintiff would have had to show that the dog which bit him had “dangerous propensities which were known, or should have been known,” to Paul LaPointe. Splaine v. Eastern Dog Club, Inc., 306 Mass. 381, 385 (1940). It is clear from the summary judgment materials submitted by the parties that the plaintiff had “no reasonable expectation” of satisfying this standard.
The plaintiff’s mother stated in her answers to interrogatories that her “son ha[d] never had any contact with the dog other than the day he was attacked.” Further, in opposing LaPointe’s summary judgment motion, the plaintiff made no attempt to demonstrate that the dog had dangerous propensities which were known, or should have been known, to anyone. Indeed, when asked in the interrogatories “whether [she] knew of anyone ever having been bitten by this dog and/or whether [she] had any knowledge of any vicious nature of this dog prior to the time of the alleged accident,” the plaintiff’s mother answered “Unknown.” Similarly, when asked to explain if she had “any reason for believing that any defendant knew of any vicious nature or propensity of this dog,” the plaintiff’s mother against answered, “Unknown.” Finally, the “Beware of Dog” sign adds nothing on this count either. The plaintiff did not dispute LaPointe’s assertion that the sign was posted in reference to a dog he previously owned, and did not offer any facts relating the sign to a prior incident with Thomas’ dog or to the state of Paul LaPointe’s knowledge. Thus there appears to have been nothing which should have alerted LaPointe to any need to keep the gate to his property locked.
Accordingly, the trial court’s allowance of Paul LaPointe’s motion for summary judgment is affirmed. Appeal dismissed.
So ordered.