Noonan, J.
Milton Labier (“Labier”) has appealed the entry of summary judgment for the defendants on the G.L.c. 140, §155 dog bite claim he brought on behalf of his young daughter, McKenzie Labier (“McKenzie”). Labier’s complaint alleged that the defendants were the owners or keepers of the dog that bit McKenzie on the face on November 19, 2007 at the Sunny Banks Ranch.
This is the second action, however, brought by Labier for a statutory recovery for the dog bite suffered by his child. On June 11,2008, Labier filed a complaint against Steven Robinson, Donna Robinson, and Sunny Banks Ranch, LLC (“first case”), alleging that those defendants were owners or keepers, or both, of the dog in question. After a hearing on November 7, 2008, a default judgment in the amount of $35,214.77 was entered against the defendants. On December 4,2008, Labier moved to amend the complaint in the first action by adding William and Catherine Robinson as defendants. In denying Labier’s Mass. R. Civ. R, Rule 15(a), motion, the judge stated that as judgment had been entered, Labier could seek to amend his complaint only if he first filed a motion to vacate the judgment. See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007). Labier neither filed a motion to vacate judgment, nor appealed the court’s motion ruling. Executions were issued on the default judgment.
Despite the judgment in his favor and the issuance of executions in the first case, *201 Labier commenced this second G.L.c. 140, §155 action on February 9,2009 (“second case”) against the individuals, William Robinson and Catherine Robinson (the “Robinsons”), whom he had unsuccessfully sought to add as defendants in the first case. Labier alleged that the Robinsons were the owners, or keepers, or both of the same dog that had bitten his daughter on November 19, 2007. The Robinsons filed a Mass. R. Civ. R, Rule 56, motion for summary judgment, which was allowed by the trial court on the ground that “the plaintiff has already obtained final judgment” in the prior action.
The Massachusetts “dog bite statute,” G.L.c. 140, §155, generally provides that the “owner or keeper” of a dog shall he liable for personal or property damage caused by the dog. Under the statute, the owner and keeper of a dog are not jointly and severally liable for the acts of the dog. Galvin v. Parker, 154 Mass. 346, 347-348 (1891); Salisbury v. Ferioli, 49 Mass. App. Ct. 485, 487 (2000).
Relying on Galvin, the Supreme Judicial Court stated in Maillet v. Mininno, 266 Mass. 86 (1929) that a civil complaint phrased in the alternative so as to charge a defendant with being either an owner or a keeper of a dog was subject to demurrer. The Court stated that “the owner and the keeper of a dog are not liable jointly and severally as tortfeasors under [G.L.c. 140, §155]; that an election must be made to sue either the owner or the keeper; and that, if a judgment were obtained against one, no suit against the other could be maintained even if the judgment remained unsatisfied.” Id. at 88. However, the Maillet Court further stated that once the case proceeded past the demurrer point, the action could proceed against defendants as owners of the dog, or as keepers, or both.
It is obvious that the decision in Galvin v. Parker, supra, does not deal with a case where the owner is also the keeper of the dog. If owner and keeper are one, it is immaterial whether the declaration charges ownership or keeping, or both. Having gone to trial without demurrer, the defendants cannot complain at being held liable if evidence, admissible under the declaration, discloses facts which establish liability.... [I]f [defendants] jointly were both owners and keepers of the dog, a liability would be established. There was an issue of fact for the jury.
Id. at 89.
When all inferences are drawn in favor of the plaintiff, as the party opposing summary judgment, Go-Best Assets Ltd. v. Citizens Bank of Mass., 463 Mass. 50, 54 (2012), it is clear from the record that a genuine question of material fact remains as to whether the defendants in this case, together with the defendants in the first case, were all owners and keepers of the dog so as to be liable for McKenzie’s injuries.
Summary judgment for the defendants is vacated, and this case is returned to the Southern Berkshire Division of the District Court Department for trial.
So ordered.